REVISED OPINION
 

 PER CURIAM.
 

 We have for consideration proposed amendments to the Florida rules of court and forms intended to minimize the amount of unnecessary personal information included in documents filed with the courts.
 
 [1]
 
 Reducing the amount of extraneous personal information in court records is another necessary step in the Court’s ongoing effort to provide the public with electronic access to nonconfidential court records.
 
 [2]
 
 As part of that effort, we re
 
 *1047
 
 cently adopted procedures that allow clerks of court to readily identify and screen from the public confidential information filed with the courts and refine the procedures for sealing and unsealing court records.
 
 See In re Amends, to Fla. Rule of Jud. Admin. 2420 & Fla. Rules of App. Pro.,
 
 31 So.3d 756, 757 (Fla.2010) (recognizing that refinement of rule governing confidential court records was a necessary step in providing the public electronic access to court records).
 

 The amendments at issue here further implement recommendations of the Committee on Privacy and Court Records (Privacy Committee) and are the result of the combined efforts of the Committee on Access to Court Records (Access Committee), its successor, the Florida Court Technology Commission’s Subcommittee on Access to Court Records (Access Subcommittee),
 
 [3]
 
 and the Florida Bar Rules Committees. After considering the various proposals and comments filed in this case, and hearing oral argument, we amend the rules and forms to minimize the personal information filed with the court. Most notably, we adopt new Rule of Judicial Administration 2.425 (Minimization of the Filing of Sensitive Information) to govern the filing of sensitive personal information, which is the linchpin of the minimization efforts. We take this opportunity to emphasize that in order to avoid the electronic dissemination of sensitive personal information unnecessary to court proceedings, both attorneys and pro se litigants must be vigilant to file only authorized documents that comply with the requirements adopted here.
 

 The newly enacted rules provide for sanctions for violations of these rules. However, continual education and a change in mindset for all those involved in the litigation process are necessary for these rules to work as intended. After all, with the benefits of electronic access to documents comes the responsibility to minimize unnecessary personal information in court records. With those beginning cautions, we explain the evolution of the amendments and the substance of the major amendments.
 

 BACKGROUND
 

 The Privacy Committee was created in November 2003 and charged with providing recommendations to the Court regarding electronic access to court records.
 
 See In re Comm, on Privacy and Court Records,
 
 Fla. Admin. Order No. AOSC04-04 (Feb. 12, 2004) (substituted for AOSC03-49). As relevant to the amendments at issue here, the Privacy Committee was charged with recommending strategies for reducing the amount of unnecessary personal information in court records.
 
 Id.
 
 at 5. After the Privacy Committee submitted its report and recommendations
 
 [4]
 
 and the Court held public hearings on the recommendations, an administrative order was issued partially implementing the Privacy Committee’s recommendations.
 
 [5]
 
 That administrative order noted the Court’s
 
 *1048
 
 agreement with the Privacy Committee that the Florida judicial branch should have a goal of providing electronic access to nonconfidential court records when appropriate conditions are met, one of which is minimizing the amount of unnecessary personal information in court records.
 
 [6]
 
 By separate administrative order, the Access Committee was created to assist the Court in implementing a number of the Privacy Committee recommendations,
 
 [7]
 
 including the “minimization” recommendations addressed here.
 
 [8]
 

 As relevant here, the Privacy Committee reported as follows:
 

 Florida court files commonly contain information which is not required by law or rule and which is not needed by the court for purposes of adjudication or case management. Once entered into a court file this information becomes a matter of public record. Much of this information is personal or sensitive in nature. The Committee perceives that there is not a clear understanding on the part of attorneys and the general public of the negative effects on personal privacy of placing unnecessary information in a court record.
 

 Privacy Committee Report at 56. The inclusion of unnecessary personal information in court filings is of special concern because providing electronic access, which would include internet access, to court records will make nonconfidential personal information contained in those records more readily accessible to the public.
 

 To mitigate this concern, the Privacy Committee made four recommendations intended to minimize the filing of extraneous personal information. Privacy Committee Recommendation Seven urges the review and revision of court rules and forms to avoid the filing of personal information that is not necessary for adjudication or case management.
 
 [9]
 
 Recommendation Eight recommends the study of a court rule to prohibit the filing of unauthorized documents.
 
 [10]
 
 Recommendation Nine suggests clarifying Family Law Rule of Procedure 12.285 (Mandatory Disclosure) to avoid the unnecessary filing of financial information in family law cases.
 
 [11]
 
 And Recommendation Ten urges the adoption of a rule that prohibits the filing of discovery information with the court unless the information is filed for good cause and that provides for sanctions if the rule is violated.
 
 [12]
 
 These “minimization” recommendations were referred to the Florida Bar rules committees to propose rule and form amendments implementing the recommendations.
 
 [13]
 
 The rules committees’ proposals
 
 *1049
 
 were then referred to the Access Committee for consideration
 
 [14]
 
 and preparation of an omnibus petition of proposed rule amendments. The Access Committee’s petition of proposed amendments, as well as revised and new proposals offered by the rules committees are before the Court here.
 

 In considering the proposals, the Court had the benefit of comments from interested persons, as well as responses and input from the Access Subcommittee (successor to the Access Committee)
 
 [15]
 
 and the various rules committees on a number of issues of concern to the Court.
 
 See In re Implementation of Comm, on Privacy & Court Records Recommendations,
 
 No. SC08-2443 (Fla. order filed April 1, 2010) (seeking input on a number of issues);
 
 see also In re Implementation of Comm, on Privacy & Court Records Recommendations,
 
 No. SC08-2443 (Fla. order filed May 19, 2010) (seeking input on suggested new rule 2.425). In response to the Court’s concern about consistency among the various rules proposed to govern the filing of sensitive personal information, the committees now urge the adoption of new Rule of Judicial Administration 2.425 (Minimization of the Filing of Sensitive Information) and conforming amendments to the other bodies of rules and forms.
 

 After considering the various proposals, we amend the Florida Rules of Civil Procedure, the Florida Rules of Judicial Administration, the Florida Rules of Criminal Procedure, the Florida Probate Rules, the Florida Small Claims Rules, the Florida Rules of Appellate Procedure, and the Florida Family Law Rules of Procedure and forms, as reflected in the appendix to this opinion. We discuss the more significant amendments below.
 

 AMENDMENTS
 

 New Rule of Judicial Administration 2.425 and Other Amendments Limiting the Filing of Extraneous Personal Information
 

 New rule 2.425 (Minimization of the Filing of Sensitive Information) is the centerpiece of the amendments adopted in this case. The new rule governs the filing of sensitive personal information in all types of cases, except traffic and criminal proceedings.
 
 [16]
 
 It implements Privacy Committee Recommendation Seven, which urges revision of court rules and forms to avoid the filing of personal information that is not necessary for adjudication or case management.
 
 [17]
 
 The new rule of judicial administration sets forth the categories of personal information that must not be filed or must be truncated or redacted before filing, and provides exceptions that allow for the filing of complete information in appropriate circumstances.
 

 The new rule serves as a companion to recently amended Rule of Judicial Administration 2.420 (Public Access to Judicial Branch Records).
 
 [18]
 
 New rule 2.425 pro
 
 *1050
 
 vides the procedures for protecting personal information being filed with the court; while rule 2.420 governs the procedures for determining the confidentiality of information after it has been filed and for providing public access to nonconfidential information. Rule 2.425 is loosely modeled after Federal Rule of Civil Procedure 5.2 (Privacy Protection for Filings Made with the Court). The most important provisions of the new rule are discussed below.
 

 First, under subdivision (a) (Limitations for Court Filings) of the new rule, unless exempted by subdivision (b) (Exceptions), or authorized by statute, another rule, or court order,
 
 [19]
 
 personal information of the type listed either must not be filed or must be truncated or redacted before filing. Under subdivisions (a)(1) and (a)(2) only the initials of a minor and the year of birth of a person’s birth date may be included in filings, and under subdivision (a)(3), no portion of a social security number, bank account number, credit card account number, charge account number, or debit account number can be filed,
 
 [20]
 
 unless the number falls within one of the subdivision (b) exceptions, or is authorized by statute, another rule, or court order.
 

 Only the last four digits of certain other personal identifying numbers (i.e., driver’s license number, passport number, taxpayer identification number, and patient or health care number) are allowed under subdivision (a)(4). Similarly, a truncated version of other types of personal information (i.e., email address, password, and other sensitive information as provided by court order) is allowed under subdivisions (a)(5) and (a)(6).
 

 Next, subdivision (b) (Exceptions) allows for the filing of complete information under certain circumstances. For example, under subdivisions (b)(1), (b)(5), and (b)(6) respectively, an account number that identifies the property alleged to be the subject of a proceeding, the birth date of a minor whenever the birth date is necessary for the court to establish or maintain subject matter jurisdiction, and the name of a minor in any document or order affecting the minor’s ownership of real property are exempt from the subdivision (a) limitations. Under subdivision (b)(10), information that is relevant and material to an issue before the court also is exempt.
 

 Subdivision (b)(8), which we adopt on an interim basis, exempts from the requirements of the rule filings in traffic and criminal proceedings. This exception is strongly supported by the Criminal Procedure Rules Committee, prosecutors, and defense attorneys, as well as numerous Florida criminal justice organizations.
 
 [21]
 
 
 *1051
 
 The Rules Committee and criminal justice organizations maintain that much of the information filed in criminal cases that would have to be truncated or redacted under the new rule must be available to defense attorneys, law enforcement, and others in the criminal justice system. The proponents of the exception also caution that application of the rule would result in substantial workload issues for prosecutors’ offices that would be required to truncate or redact massive amounts of information routinely contained in arrest affidavits, search warrants, charging documents, traffic citations, police reports, and discovery documents filed with the court. We acknowledge the reasons advanced for treating filings in criminal and traffic proceedings differently than filings in other cases. However, filings in criminal and traffic cases contain a large portion of the personal information filed with our courts and a “blanket” exception for those filings would not be necessary if a finely tailored rule can be drafted to govern them. Therefore, we direct the Criminal Procedure Rules Committee, the Traffic Court Rules Committee, and the Rules of Judicial Administration Committee to work together to propose a rule or rules similar to Federal Rule of Criminal Procedure 49.1 (Privacy Protection for Filings Made with the Court) to govern the filing of sensitive personal information in criminal and traffic proceedings.
 
 [22]
 

 Finally, subdivision (c) (Remedies) provides remedies and sanctions for violations of the rule. And subdivisions (d) (Motions Not Restricted) and (e) (Application) clarify the new rule’s interplay with rule 2.420 (Public Access to Judicial Branch Records) and explain that the new rule does not affect the application of constitutional provisions, statutes, or rules of court governing confidential information or access to public records.
 

 Other rules of procedure and forms are amended to conform to or reference new rule 2.425.
 
 [23]
 
 For example, new Rule of
 
 *1052
 
 Appellate Procedure 9.050 (Maintaining Privacy of Personal Data) requires all briefs, petitions, replies, appendices, motions, notices, stipulations, and responses filed with the court comply with rule 2.425. Family Law Rules 12.130(c) (Protection of Account and Personal Identifying Numbers), 12.440(a) (Setting for Trial), 12.540 (Relief from Judgment, Decrees, or Orders), and 12.620 (Receivers) are amended to require compliance with rule 2.425. Amendments to the civil and family law discovery rules also incorporate the requirements of rule 2.425.
 
 See
 
 Appendix,
 
 infra,
 
 pp. 1055-57,1074-78 (amending Fla. r'. Civil P. 1.280; 1.310; 1.340; 1.350; Fla. Fam. L.R.P. 12.280; 12.285; 12.340; 12.370; 12.410; 12.560).
 

 To further implement Privacy Committee Recommendation Seven (Revision of Rules and Forms Leading to Extraneous Personal Information), the various civil judgment forms are amended to require that only the last four digits of the judgment debtor’s social security number be included in the judgment. Probate Rules 5.200 (Petition for Administration), 5.210 (Probate of Wills without Administration), and 5.530 (Summary Administration) are likewise amended to require that only the last four digits of the decedent’s social security number be included in petitions filed under those rules.
 
 [24]
 
 Similarly, to limit the filing of personal information in criminal cases, Rule of Criminal Procedure 3.140(c)(4) (Personal Statistics) is amended to delete the requirement that the defendant’s social security number be included in the charging document.
 
 [25]
 

 Rule of Civil Procedure 1.280(f) and Other Amendments Limiting the Filing of Discovery and Financial Information
 

 New Rule of Civil Procedure 1.280(f) (Court Filing of Documents and Discovery) works in conjunction with new rule 2.425, by requiring that all discovery documents filed with the court comply with the requirements for the filing of personal information. However, the new discovery rule’s primary purpose is to implement Privacy Committee Recommendation Ten,
 
 [26]
 
 by prohibiting the filing of information obtained during discovery unless the information is filed for good cause and giving the court authority to impose sanctions for violation of the rule. The Court
 
 *1053
 
 revised the language of proposed rule 1.280(f) to clarify that good cause is satisfied only where the filing of the information is allowed or required by another applicable rule of procedure or by court order. This requirement is intended to stop abuses of personal information obtained during discovery by preventing the filing of discovery information unless it is necessary to the proceedings. Other civil discovery rules are amended to require compliance with new rule 1.280(f).
 
 See
 
 Appendix,
 
 infra,
 
 pp. 1055-57 (amending Fla. R. Civ. P. 1.310; 1.340; 1.350).
 

 Family law discovery rules also are amended to limit the filing of discovery information. New subdivision (c) is added to Family Law Rule 12.340 (Interrogatories to Parties) to require that responses to interrogatories be served but not filed with the court, unless they are admitted into evidence and are in compliance with rule 2.425. Rule 12.370 (Requests for Admissions) is amended to require that documents attached to a request for admissions be served with the request but not filed with the court. The amendments to rule 12.560 (Discovery in Aid of Execution) prohibits the filing of a fact information sheet, civil form 1.977, unless ordered by the court for good cause shown.
 

 Similarly, subdivisions (b) and (e) of rule 12.363 (Evaluations of Minor Child) are amended to prevent the filing of an evaluation of a minor child unless the report is being admitted into evidence. If the report is filed, the filing must comply with rule 2.425. The Media Organizations
 
 [27]
 
 that commented on these amendments urge us to reject the requirement, added to subdivision (e), that the court consider whether the report should be sealed under rule 2.420. The Media Organizations maintain that rule 2.420 places the burden of seeking a determination of confidentiality of court records on the proponent of closure, not the court. In response, the Family Law Rules Committee points out that the court has inherent authority to protect the interests of children whose parents are before the court, citing
 
 Simms v. State Department of Health & Rehabilitative Services,
 
 641 So.2d 957, 961 (Fla. 3d DCA 1994). The Access Subcommittee explains that the recent amendments to rule 2.420 were not intended to affect the power of a court to determine, sua sponte, that a particular court record is confidential. Therefore, we defer to the committee and adopt the subdivision (e) requirement.
 

 Next, to implement Privacy Committee Recommendation Nine, which requested that the mandatory disclosure rule be clarified to avoid the unnecessary filing of financial information in family law cases,
 
 [28]
 
 as well as Recommendations Seven and Ten, we adopt new Family Law Rule of Procedure 12.285(a)(3) (Mandatory Disclosure; Documents Not to be Filed with Court; Sanctions), and amend rule 12.287 (Financial Affidavits in Enforcement and Contempt Proceedings). New rule 12.285(a)(3)(A) highlights language currently in the rule stating that except for financial affidavits and child support guidelines worksheets, documents produced under the rule are not to be filed with the court absent a court order. Subdivision (a)(3)(B) requires that account numbers and personal identifying information are governed by rule 2.425. And subdivision (a)(3)(C) provides that sanctions are gov
 
 *1054
 
 erned by new rule 1.280(f). New rule 12.285(c) (Exemption for Requirement to File and Serve Financial Affidavit) prohibits the filing and service of a financial affidavit if the parties are seeking a simplified dissolution of marriage under 12.105 and certain conditions are met. The current rule 12.105(c) requirement that the parties to a simplified dissolution proceeding file a financial affidavit and marital settlement agreement is deleted, and the family law forms are amended accordingly. Rule 12.287 is amended to delete the requirement that a requested financial affidavit be filed with the court in enforcement and contempt proceedings and to add a requirement that a notice of compliance with the service requirement be filed instead.
 
 [29]
 

 The family law rules of procedure forms are amended to conform with the amendments to the family law rules. Additionally, the instructions to several of the rules forms and approved forms are amended to conform to section 119.071(2)(j)(l), Florida Statutes (2010), which was enacted to protect the confidentiality of victims of domestic violence, sexual battery, aggravated child abuse, aggravated stalking, and aggravated battery.
 

 Amendments to Florida Supreme Court Approved Family Law Forms
 

 Finally, with input from the Court’s Advisory Workgroup on the Florida Supreme Court Approved Family Law Forms,
 
 [30]
 
 we amend the Florida Supreme Court Approved Family Law Forms to ensure that the forms do not prompt those who use them to provide unnecessary personal information, such as “place of marriage,” “date of separation,” “place of birth of minor children,” or “gender of minor children.” The requirement to include a statement of the “best interest of the child(ren)” is deleted from form 12.905(d) (Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service), as unnecessary. Requests for financial information that is required to be provided in the family financial affidavits also is removed from form 12.943 (Motion to Deviate from Child Support Guidelines). Other more minor changes also are made to the approved forms.
 

 CONCLUSION
 

 We thank the Access Committee, the Access Subcommittee, the Florida Bar Rules Committees, the Court’s Advisory Workgroup on the Florida Supreme Court Approved Family Law Forms, and those who submitted comments for assisting the Court in moving closer to our goal of providing the public with electronic access to court records. We also take this opportunity to emphasize that in order to avoid the electronic dissemination of sensitive personal information unnecessary to court proceedings, both attorneys and pro se litigants must be vigilant to file only authorized documents that comply with the requirements adopted here.
 

 Accordingly, we amend the Florida Rules of Civil Procedure, the Florida Rules of Judicial Administration, the Florida Rules of Criminal Procedure, the Florida Probate Rules, the Florida Small Claims Rules, the Florida Rules of Appel
 
 *1055
 
 late Procedure, and the Florida Family Law Rules as reflected in the appendix to this opinion.
 
 [31]
 
 New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. We also amend the Family Law Rules of Procedure Forms and the Florida Supreme Court Approved Family Law Forms, as set forth in the appendix to this opinion, fully engrossed for use on the effective date of the amendments. The forms can be accessed and downloaded from this Court’s website at www.flcourts. 0rg/gen_public/family/forms_rules/index. shtml. By adopting the amended forms, we express no opinion as to their correctness or applicability.
 

 The amendments to the rules and forms are effective, nunc pro tunc, October 1, 2011, at 12:01 a.m.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 QUINCE, J., concurs in result.
 

 APPENDIX
 

 FLORIDA RULES OF CIVIL PROCEDURE
 

 RULE 1.280. GENERAL PROVISIONS GOVERNING DISCOVERY
 

 (a)-(e) [No change]
 

 (f) Court Filing of Documents and Discovery. Information obtained during discovery shall not be filed with the court until such time as it is filed for good cause. The requirement of good cause is satisfied only where the filing of the information is allowed or required by another applicable rule of procedure or by court order. All filings of discovery documents shall comply with Florida Rule of Judicial Administration 2.425. The court shall have authority to impose sanctions for violation of this rule.
 

 Committee Notes
 

 1972 Amendment — 1996 Amendment. [No change]
 

 2011 Amendment. Subdivision (f) is added to ensure that information obtained during discovery is not filed with the court unless there is good cause for the documents to be filed, and that information obtained during discovery that includes certain private information shall not be filed with the court unless the private information is redacted as required by Florida Rule of Judicial Administration 2.425.
 

 Court Commentary
 

 [No change]
 

 RULE 1.310. DEPOSITIONS UPON ORAL EXAMINATION
 

 (a)-(e) [No change]
 

 (f) Filing; Exhibits.
 

 (1) — (2) [No change]
 

 (3) A copy of a deposition may be filed only under the following circumstances:
 

 (A) It may be filed in compliance with Florida Rule of Judicial Administration 2.425 and rule 1.280(f) by a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing of the deposition shall be
 
 *1056
 
 given to all parties unless notice is waived. A party filing the deposition shall furnish a copy of the deposition or the part being filed to other parties unless the party already has a copy.
 

 (B) If the court determines that a deposition previously taken is necessary for the decision of a matter pending before the court, the court may order that a copy be filed by any party at the initial cost of the party, and the filing party shall comply with rules 2.425 and 1.280(f).
 

 (g)-(h) [No change]
 

 Committee Notes
 

 1972 Amendment — 2010 Amendment.
 

 [No change]
 

 2011 Amendment. A reference to Florida Rule of Judicial Administration 2.425 and rule 1.280(f) is added to require persons filing discovery materials with the court to make sure that good cause exists prior to filing discovery materials and that certain specific personal information is redacted.
 

 Court Commentary
 

 [No change]
 

 RULE 1.340. INTERROGATORIES TO PARTIES
 

 (a)-(d) [No change]
 

 (e) Service and Filing. Interrogatories shall be arranged so that a blank space is provided after each separately numbered interrogatory. The space shall be reasonably sufficient to enable the answering party to insert the answer within the space. If sufficient space is not provided, the answering party may attach additional papers with answers and refer to them in the space provided in the interrogatories. The interrogatories shall be served on the party to whom the interrogatories are directed and copies shall be served on all other parties. A certificate of service of the interrogatories shall be filed, giving the date of service and the name of the party to whom they were directed. The answers to the interrogatories shall be served upon the party originally propounding the interrogatories and a copy shall be served on all other parties by the answering party. The original or any copy of the answers to interrogatories may be filed in compliance with Florida Rule of Judicial Administration 2.425 and rule 1.280(f) by any party when the court should consider the answers to interrogatories in determining any matter pending before the court. The court may order a copy of the answers to interrogatories filed at any time when the court determines that examination of the answers to interrogatories is necessary to determine any matter pending before the court.
 

 Committee Notes
 

 1992 Amendment — 1988 Amendment.
 

 [No change]
 

 2011 Amendment. A reference to Florida Rule of Judicial Administration 2.425 and rale 1.280(f) is added to require persons filing discovery materials with the court to make sure that good cause exists prior to filing discovery materials and that certain specific personal information is redacted.
 

 Court Commentary
 

 [No change]
 

 RULE 1.350. PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES
 

 (a)-(c) [No change]
 

 (d) Filing of Documents. Unless required by the court, a party shall not file any of the documents or things produced with the response. Documents or things may be filed in compliance with Florida
 
 *1057
 
 Rule of Judicial Administration 2.425 and rule 1.280(f) when they should be considered by the court in determining a matter pending before the court.
 

 Committee Notes
 

 1972 Amendment — 1980 Amendment. [No change]
 

 2011 Amendment. A reference to Florida Rule of Judicial Administration 2.425 and rule 1.280(f) is added to require persons filing discovery materials with the court to make sure that good cause exists prior to filing discovery materials and that certain specific personal information is redacted.
 

 FORM 1.988. JUDGMENT AFTER DEFAULT
 

 (a) General Form. This form is the general form for a judgment after default, not including recovery for prejudgment interest and attorneys’ fees:
 

 FINAL JUDGMENT
 

 This action was heard after entry of default against defendant and
 

 IT IS ADJUDGED that plaintiff,. (name and address) ., recover from defendant, . (name and address, and last 4 digits of social security number if known) ., the sum of $. with costs in the sum of $., that shall bear interest at the rate of. .... % a year, for which let execution issue.
 

 ORDERED at ., Florida, on.(date).
 

 [[Image here]]
 

 Judge
 

 (b) Form with Interest and Fees. This form is for judgment after default including prejudgment interest and attorneys’ fees recovered:
 

 FINAL JUDGMENT
 

 This action was heard after entry of default against defendant and
 

 IT IS ADJUDGED that plaintiff,. (name and address) ., recover from defendant, .(name and address, and last 4 digits of social security number if known)., the sum of $.on principal, $. for attorneys’ fees with costs in the sum of $., and prejudgment interest in the sum of $., making a total of $.that shall bear interest at the rate of.% a year, for which let execution issue.
 

 ORDERED at ., Florida, on.(date).
 

 [[Image here]]
 

 Judge
 

 NOTE: The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes;
 
 Hott Interiors, Inc. v. Fostock,
 
 721 So.2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida Statutes. However, for privacy reasons, only the last 4 digits of the social security number should be shown.
 

 Committee Notes
 

 1980 Adoption. This form is new.
 

 
 *1058
 
 2003 Amendment. Subdivision (b) is amended to include prejudgment interest in the total judgment pursuant to
 
 Quality Engineered, Installation, Inc. v. Higley South, Inc.,
 
 670 So.2d 929 (Fla.1996).
 

 FORM 1.990. FINAL JUDGMENT FOR PLAINTIFF. JURY ACTION FOR DAMAGES
 

 FINAL JUDGMENT
 

 Pursuant to the verdict rendered in this action
 

 IT IS ADJUDGED that plaintiff, .(name and address) ., recover from defendant,.(name and address, and last 4 digits of social security number if known) ., the sum of $. with costs in the sum of $., making a total of $.. that shall bear interest at the rate of.% a year, for which let execution issue.
 

 ORDERED at ., Florida, on.(date).
 

 [[Image here]]
 

 Judge
 

 NOTE: The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; Hott
 
 Interiors, Inc. v. Fostock,
 
 721 So.2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida Statutes. However, for privacy reasons, only the last 4 digits of the social security number should be shown.
 

 FORM 1.991. FINAL JUDGMENT FOR DEFENDANT. JURY ACTION FOR DAMAGES
 

 FINAL JUDGMENT
 

 Pursuant to the verdict rendered in this action
 

 IT IS ADJUDGED that plaintiff, .(name and address, and last 4 digits of social security number if known)., take nothing by this action and that defendant, .(name and address)., shall go hence without day and recover costs from plaintiff in the sum of $. that shall bear interest at the rate of
 
 .%
 
 a year, for which let execution issue.
 

 ORDERED at ., Florida, on.(date).
 

 [[Image here]]
 

 Judge
 

 NOTE: The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes;
 
 Hott Interiors, Inc. v. Fostock, 721
 
 So.2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida Statutes. However, for privacy reasons, only the last 4 digits of the social security number should be shown.
 

 
 *1059
 
 FORM 1.993. FINAL JUDGMENT FOR PLAINTIFF. GENERAL FORM. NON-JURY
 

 FINAL JUDGMENT
 

 This action was tried before the court. On the evidence presented
 

 IT IS ADJUDGED that:
 

 1. (list adjudications in numbered paragraphs)
 

 2.
 

 (See note below on name, address, and social security number requirements.)
 

 ORDERED at ., Florida, on.(date).
 

 [[Image here]]
 

 Judge
 

 NOTE: Findings of fact can be inserted after “presented” if desired. The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes;
 
 Hott Interiors, Inc. v. Fostock,
 
 721 So.2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida «Statutes. However, for privacy reasons, only the last 4 digits of the social security number should be shown. FORM 1.994. FINAL JUDGMENT FOR DEFENDANT. GENERAL FORM. NON-JURY
 

 FINAL JUDGMENT
 

 This action was tried before the court. On the evidence presented
 

 IT IS ADJUDGED that plaintiff,. (name and address, and last 4 digits of social security number if known) ., take nothing by this action and that defendant, . (name and address) ., shall go hence without day and recover costs from plaintiff in the sum of $.that shall bear interest at the rate of.% a year, for which let execution issue.
 

 ORDERED at ., Florida, on.(date).
 

 [[Image here]]
 

 Judge
 

 NOTE: Findings of fact can be inserted after “presented” if desired. The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes;
 
 Hott Interiors, Inc. v. Fostock,
 
 721 So.2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida «Statutes. However, for privacy reasons, only the last 4 digits of the social security number should be shown.
 

 FORM 1.995. FINAL JUDGMENT OF REPLEVIN
 

 NOTE APPLICABLE TO FORMS (a)-(d): The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific
 
 *1060
 
 requirements, see section 55.10(1), Florida Statutes;
 
 Hott Interiors, Inc. v. Fostock, 721
 
 So.2d 1286 (Fla. 4th DCA 1998). The address and social security number (if known)
 
 of
 
 each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida Statutes. However, for privacy reasons, only the last 4 digits of the social security number should be shown.
 

 (a) Judgment in Favor of Plaintiff when Plaintiff Has Possession.
 

 FINAL JUDGMENT OF REPLEVIN
 

 This matter was heard on plaintiffs complaint. On the evidence presented
 

 IT IS ADJUDGED that:
 

 1. Plaintiff, .(name and address) ., has the right against defendant, .(name and address, and last 4 digits ofsocial security if known)., to retain possession of the following described property:
 

 (list the property and include a value for each item)
 

 2. Plaintiff shall recover from defendant the sum of $. as damages for the detention of the property and the sum of $. as costs, making a total of $., which shall bear interest at the rate of
 
 .%
 
 per year, for which let execution issue.
 

 ORDERED at ., Florida, on.(date).
 

 [[Image here]]
 

 Judge
 

 NOTE: This form applies when the plaintiff has recovered possession under a writ of replevin and prevailed on the merits. Pursuant to section 78.18, Florida Statutes (1995), paragraph 2 of the form provides that the plaintiff can also recover damages for the wrongful taking and detention of the property, together with costs. Generally these damages are awarded in the form of interest unless loss of use can be proven.
 
 Ocala Foundry & Machine Works v. Lester,
 
 49 Fla. 199, 38 So. 51 (1905).
 

 If the defendant has possession of part of the property, see form 1.995(b).
 

 (b) Judgment in Favor of Plaintiff when Defendant Has Possession.
 

 FINAL JUDGMENT OF REPLEVIN
 

 This matter was heard on plaintiffs complaint. On the evidence presented
 

 IT IS ADJUDGED that:
 

 1. Plaintiff, .(name and address) ., has the right against defendant, .(name and address, and last 4 digits of social security number if known)., to possession of the following described property:
 

 (list the property and include a value for each item) for which the clerk of the court shall issue a writ of possession; or
 

 2. Plaintiff shall recover from defendant [if applicable add “and surety on the forthcoming bond”] the sum of $.for the value of the property, which shall bear interest at the rate of .% per year, for which let execution issue.
 

 3. Plaintiff shall recover from defendant the sum of $. as damages for the detention of the property and the sum of $. as costs, making a total of $., which shall bear interest at the rate of.% per year, for which let execution issue.
 

 ORDERED at ., Florida, on.(date).
 

 [[Image here]]
 

 Judge
 

 
 *1061
 
 NOTE: This form applies when the plaintiff prevails on the merits and the defendant retains possession of the property. Section 78.19, Florida Statutes (1995), allows the plaintiff to recover the property or its value or the value of the plaintiffs lien or special interest. The value for purposes of paragraph 2 is either the value of the property or the value of the plaintiffs lien or special interest.
 

 Paragraph 3 of the form provides for damages for detention only against the defendant because the defendant’s surety obligates itself only to ensure forthcoming of the property, not damages for its detention.
 

 Pursuant to section 78.19(2), Florida Statutes, paragraphs 1 and 2 of the form provide the plaintiff the option of obtaining either a writ of possession or execution against the defendant and defendant’s surety on a money judgment for property not recovered.
 
 Demetree v. Stramondo,
 
 621 So.2d 740 (Fla. 5th DCA 1993). If the plaintiff elects the writ of possession for the property and the sheriff is unable to find it or part of it, the plaintiff may immediately have execution against the defendant for the whole amount recovered or the amount less the value of the property found by the sheriff. If the plaintiff elects execution for the whole amount, the officer shall release all property taken under the writ.
 

 If the plaintiff has possession of part of the property, see form 1.995(a).
 

 (c) Judgment in Favor of Defendant when Defendant Has Possession under Forthcoming Bond.
 

 FINAL JUDGMENT OF REPLEVIN
 

 This matter was heard on plaintiffs complaint. On the evidence presented
 

 IT IS ADJUDGED that:
 

 1. Defendant,.(name and address) ., has the right against plaintiff, .(name and address, and last 4 digits of social security number if known)., to possession of the following described property:
 

 (list the property and include a value for each item)
 

 2. Defendant retook possession of all or part of the property under a forthcoming bond, and defendant’s attorney has reasonably expended.hours in representing defendant in this action and $. is a reasonable hourly rate for the services.
 

 3. Defendant shall recover from plaintiff the sum of $.for the wrongful taking of the property, costs in the sum of $., and attorneys’ fees in the sum of $., making a total of $., which shall bear interest at the rate of.% per year, for which let execution issue.
 

 ORDERED at ., Florida, on.(date).
 

 [[Image here]]
 

 Judge
 

 NOTE: This form applies when the defendant prevails and the property was retained by or redelivered to the defendant. Section 78.20, Florida Statutes (1995), provides for an award of attorneys’ fees. The prevailing defendant may be awarded possession, damages, if any, for the taking of the property, costs, and attorneys’ fees.
 

 If the plaintiff has possession of part of the property, see form 1.995(d).
 

 (d) Judgment in Favor of Defendant when Plaintiff Has Possession.
 

 FINAL JUDGMENT OF REPLEVIN
 

 This matter was heard on plaintiffs complaint. On the evidence presented
 

 IT IS ADJUDGED that:
 

 
 *1062
 
 1. Defendant,.(name and address) ., has the right against plaintiff, .(name and address, and last four digits of social security number if known) ., to recover possession of the following described property:
 

 (list the property and include a value for each item) for which the clerk of the court shall issue a writ of possession; or
 

 2. Defendant shall recover from plaintiff [if applicable add “and surety on plaintiffs bond”] the sum of $. for the value of the property, which shall bear interest at the rate of.% per year, for which let execution issue.
 

 3. Defendant shall recover from plaintiff the sum of $.as damages for detention of the property and the sum of $. as costs, making a total of $., which shall bear interest at the rate of.% per year, for which let execution issue.
 

 ORDERED at ., Florida, on.(date).
 

 [[Image here]]
 

 Judge
 

 NOTE: This form should be used when the defendant prevails but the plaintiff has possession of the property. Section 78.21, Florida Statutes (1995), does not provide for an award of attorneys’ fees when the defendant prevails and possession had been temporarily retaken by the plaintiff. Sections 78.21 and 78.19 allow the defendant to recover the property or its value or the value of the defendant’s special interest.
 

 Paragraphs 1 and 2 of the form provide to the defendant the option of obtaining either a writ of possession or execution against the plaintiff and plaintiffs surety on a money judgment for property not recovered and costs.
 
 Demetree v. Stramondo,
 
 621 So.2d 740 (Fla. 5th DCA 1993). If the defendant elects the writ of possession for the property and the sheriff is unable to find it or part of it, the defendant may immediately have execution against the plaintiff and surety for the whole amount recovered or the amount less the value of the property found by the sheriff. If the defendant elects execution for the whole amount, the officer shall release all property taken under the writ.
 

 If the defendant has possession of part of the property, see form 1.995(c).
 

 FLORIDA RULES OF JUDICIAL ADMINISTRATION
 

 RULE 2.425 MINIMIZATION OF THE FILING OF SENSITIVE INFORMATION
 

 (a) Limitations for Court Filings. Unless authorized by subdivision (b), statute, another rule of court, or the court orders otherwise, designated sensitive information filed with the court must be limited to the following format:
 

 (1) The initials of a person known to be a minor;
 

 (2) The year of birth of a person’s birth date;
 

 (3) No portion of any
 

 (A) social security number,
 

 (B) bank account number,
 

 (C) credit card account number,
 

 (D) charge account number, or
 

 (E) debit account number;
 

 (4) The last four digits of any
 

 (A) taxpayer identification number (TIN),
 

 (B) employee identification number,
 

 (C) driver’s license number,
 

 (D) passport number,
 

 (E) telephone number,
 

 
 *1063
 
 (F) financial account number, except as set forth in subdivision (a)(3),
 

 (G) brokerage account number,
 

 (H) insurance policy account number,
 

 (I) loan account number,
 

 (J) customer account number, or
 

 (K) patient or health care number;
 

 (5) A truncated version of any
 

 (A) email address,
 

 (B) computer user name,
 

 (C) password, or
 

 (D) personal identification number (PIN); and
 

 (6) A truncated version of any other sensitive information as provided by court order.
 

 (b) Exceptions. Subdivision (a) does not apply to the following:
 

 (1) An account number which identifies the property alleged to be the subject of a proceeding;
 

 (2) The record of an administrative or agency proceeding;
 

 (3) The record in appellate or review proceedings;
 

 (4) The birth date of a minor whenever the birth date is necessary for the court to establish or maintain subject matter jurisdiction;
 

 (5) The name of a minor in any order relating to parental responsibility, time-sharing, or child support;
 

 (6) The name of a minor in any document or order affecting the minor’s ownership of real property;
 

 (7) The birth date of a party in a writ of attachment or notice to payor;
 

 (8) Traffic and criminal proceedings;
 

 (9) Information used by the clerk for case maintenance purposes or the courts for case management purposes; and
 

 (10)Information which is relevant and material to an issue before the court.
 

 (c) Remedies. Upon motion by a party or interested person or sua sponte by the court, the court may order remedies, sanctions or both for a violation of subdivision (a). Following notice and an opportunity to respond, the court may impose sanctions if such filing was not made in good faith.
 

 (d) Motions Not Restricted. This rule does not restrict a party’s right to move for protective order, to move to file documents under seal, or to request a determination of the confidentiality of records.
 

 (e) Application. This rule does not affect the application of constitutional provisions, statutes, or rules of court regarding confidential information or access to public information.
 

 FLORIDA RULES OF CRIMINAL PROCEDURE
 

 RULE 3.140. INDICTMENTS; INFOR-MATIONS
 

 (a)-(b) [No change]
 

 (c) Caption, Commencement, Date, and Personal Statistics.
 

 (l)-(3) [No change]
 

 (4) Personal Statistics. Every indictment or information shall include the defendant’s race, gender, and date of birth, and social security number when any of these facts are known. Failure to include these facts shall not invalidate an otherwise sufficient indictment or information.
 

 (d)-(o) [No change]
 

 
 *1064
 
 Committee Notes
 

 [No change]
 

 RULE 3.211. COMPETENCE TO PROCEED: SCOPE OF EXAMINATION AND REPORT
 

 (a)-(b) [No change]
 

 (c) Written Findings of Experts. Any written report submitted by the experts shall:
 

 (1) identify the specific matters referred for evaluation;
 

 (2) describe the evaluative procedures, techniques, and tests used in the examination and the purpose or purposes for each;
 

 (3) state the expert’s clinical observations, findings, and opinions on each issue referred for evaluation by the court, and indicate specifically those issues, if any, on which the expert could not give an opinion; and
 

 (4) identify the sources of information used by the expert and present the factual basis for the expert’s clinical findings and opinions.
 

 The procedure for determinations of the confidential status of f reports is governed by Rule of Judicial Administration 2.420.
 

 (d) [No change]
 

 Committee Notes
 

 [No change]
 

 RULE 3.212. COMPETENCE TO PROCEED: HEARING AND DISPOSITION
 

 (a)-(c) [No change]
 

 (d) Release on Finding of Incompetence. If the court decides that a defendant is not mentally competent to proceed but does not meet the criteria for commitment, the defendant may be released on appropriate release conditions for a period not to exceed 1 year. The court may order that the defendant receive outpatient treatment at an appropriate local facility and that the defendant report for further evaluation at specified times during the release period as conditions of release. A report shall be filed with the court after each evaluation by the persons appointed by the court to make such evaluations, with copies to all parties. The procedure for determinations of the confidential status of reports is governed by Rule of Judicial Administration 2.420.
 

 Committee Notes
 

 [No change]
 

 RULE 3.218. COMMITMENT OF A DEFENDANT FOUND NOT GUILTY BY REASON OF INSANITY
 

 (a) Commitment; 6-Month Report. The Department of Children and Family Services shall admit to an appropriate facility a defendant found not guilty by reason of insanity under rule 3.217 and found to meet the criteria for commitment for hospitalization and treatment and may retain and treat the defendant. No later than 6 months from the date of admission, the administrator of the facility shall file with the court a report, and provide copies to all parties, which shall address the issues of further commitment of the defendant. If at any time during the 6-month period, or during any period of extended hospitalization that may be ordered under this rule, the administrator of the facility shall determine that the defendant no longer meets the criteria for commitment, the administrator shall notify the court by such a report and provide copies to all parties. The procedure for determinations of the confidential status of reports is governed by Rule of Judicial Administration 2.420.
 

 (b)-(c) [No change]
 

 
 *1065
 
 Committee Notes
 

 [No change]
 

 RULE 3.219. CONDITIONAL RELEASE
 

 (a) Release Plan. The committing court may order a conditional release of any defendant who has been committed according to a finding of incompetency to proceed or an adjudication of not guilty by reason of insanity based on an approved plan for providing appropriate outpatient care and treatment. When the administrator shall determine outpatient treatment of the defendant to be appropriate, the administrator may file with the court, and provide copies to all parties, a written plan for outpatient treatment, including recommendations from qualified professionals. The plan may be submitted by the defendant. The plan shall include:
 

 (1) special provisions for residential care, adequate supervision of the defendant, or both;
 

 (2) provisions for outpatient mental health services; and
 

 (3) if appropriate, recommendations for auxiliary services such as vocational training, educational services, or special medical care.
 

 In its order of conditional release, the court shall specify the conditions of release based on the release plan and shall direct the appropriate agencies or persons to submit periodic reports to the court regarding the defendant’s compliance with the conditions of the release, and progress in treatment, and provide copies to all parties. The procedure for determinations of the confidential status of reports is governed by Rule of Judicial Administration 2.420.
 

 (b)-(c) [No change]
 

 Committee Notes
 

 [No change]
 

 PROBATE RULES
 

 RULE 5.200. PETITION FOR ADMINISTRATION
 

 The petition for administration shall be verified by the petitioner and shall contain:
 

 (a) [No change]
 

 (b) the nameT and last known address of the decedent, last 4 digits of the decedent’s social security number, date and place of death of the decedent, and state and county of the decedent’s domicile;
 

 (c)-(j) [No change]
 

 Committee Notes
 

 Rule History
 

 1977 Revision — 2010 Revision: [No change]
 

 2011 Revision: Subdivision (b) amended to limit listing of decedent’s social security number to last four digits.
 

 Statutory References
 

 [No change]
 

 Rule References
 

 [No change]
 

 RULE 5.210. PROBATE OF WILLS WITHOUT ADMINISTRATION
 

 (a) Petition and Contents. A petition to admit a decedent’s will to probate without administration shall be verified by the petitioner and shall contain:
 

 (1) [No change]
 

 (2) the nameT and last known address of the decedent, last 4 digits of the decedent’s social security number, date and place of death of the decedent, and state and county of the decedent’s domicile;
 

 (3) — (8) [No change]
 

 (b)-(d) [No change]
 

 
 *1066
 
 Committee Notes
 

 [No change]
 

 Rule History
 

 1975 Revision — 2010 Revision: [No change]
 

 2011 Revision: Subdivision (a)(2) amended to limit listing of decedent’s social security number to last four digits. Statutory References
 

 [No change]
 

 Rule References
 

 [No change]
 

 RULE 5.530. SUMMARY ADMINISTRATION
 

 (a) Petition. The petition shall be verified as required by law and shall contain:
 

 (1) [No change]
 

 (2) the name? and last known address of the decedent, last 4 digits of the decedent’s social security number, and-date and place of death of the decedent, and the state and county of the decedent’s domicile;
 

 (3) — (12) [No change]
 

 (b)-(d) [No change]
 

 Committee Notes
 

 [No change]
 

 Rule History
 

 1977 Revision — 2007 Revision: [No change]
 

 2011 Revision: Subdivision (a)(2) amended to limit listing of decedent’s social security number to last four digits. Statutory References
 

 [No change]
 

 Rule References
 

 [No change]
 

 FLORIDA SMALL CLAIMS RULES
 

 RULE 7.140. TRIAL
 

 (a)-(d) [No change]
 

 (e) Unrepresented Parties. In an effort to further the proceedings and in the interest of securing substantial justice, the court shall assist any party not represented by an attorney on:
 

 (1) courtroom decorum ;-and
 

 (2) order of presentation of material evidence; and
 

 (3) handling private information.
 

 The court may not instruct any party not represented by an attorney on accepted rules of law. The court shall not act as an advocate for a party.
 

 (f) [No change]
 

 Committee Notes
 

 1984 Amendment — 1996 Amendment.
 

 [No change]
 

 2011 Amendment. Subdivision (e)(3) was added so that a judge can assist an unrepresented party in the handling of private information that might otherwise inadvertently become public by placement in the court file.
 

 FORM 7.340. FINAL JUDGMENT
 

 (CAPTION)
 

 FINAL JUDGMENT
 

 AGAINST (DEFENDANT(S)’S NAME) It is adjudged that the plaintiffis), ., recover from the defendant(s), ., the sum of $. on principal, $. as prejudgment interest, $.for attorneys’ fees, with costs of $., all of which shall bear interest at the rate of.% per year as provided for by Florida Statute, for all of which let execution issue.
 

 ORDERED at ., Florida, on.(date).
 

 [[Image here]]
 

 
 *1067
 
 County Court Judge
 

 Copies furnished to:
 

 PLAINTIFF(S)
 

 DEFEND ANT(S)
 

 Plaintiff(s)’s address:
 

 [[Image here]]
 

 [[Image here]]
 

 Defendant(s)’s last known address and last four digits of defendant(s)’s Social Security Number (if known):
 

 [[Image here]]
 

 [[Image here]]
 

 [[Image here]]
 

 (OPTIONAL ENFORCEMENT PARAGRAPH — TO BE INCLUDED UPON REQUEST PURSUANT TO RULE 7.221)
 

 It is further ordered and adjudged that the defendant(s) shall complete Florida
 

 Small Claims Rules Form 7.343 (Fact Information Sheet) and return it to the plaintiffs attorney, or to the plaintiff if the plaintiff is not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment is satisfied or a motion for new trial or notice of appeal is filed. The defendant should NOT file the completed form 7.343 with the court.
 

 Jurisdiction of this case is retained to enter further orders that are proper to compel the defendant(s) to complete form 7.343 and return it to the plaintiffs attorney, or the plaintiff if the plaintiff is not represented by an attorney.
 

 Committee Notes
 

 1992 Amendment. The optional enforcement paragraph was added to facilitate discovery.
 

 
 *1068
 
 [[Image here]]
 

 
 *1069
 
 [[Image here]]
 

 
 *1070
 
 [[Image here]]
 

 
 *1071
 
 2. All bank, savings and loan, and other account books or statements for accounts in institutions in which the defendant had any legal or equitable interest for the past 3 years.
 

 3. All canceled checks for the 12 months immediately preceding the date of this judgment for accounts in which the defendant held any legal or equitable interest.
 

 4. All deeds, leases, mortgages, or other written instruments evidencing any interest in or ownership of real property at any time within the 12 months immediately preceding the date of this judgment.
 

 5. Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from the defendant within the 12 months immediately preceding the date of filing this lawsuit. Any transfer of property within the last year other than ordinary course of business transactions.
 

 6. Motor vehicle documents, including titles and registrations relating to any motor vehicles owned by the defendant alone or with others.
 

 7. Financial statements and any other business records, including but not limited to accounts payable and accounts receivable ledgers, as to the defendant’s assets and liabilities prepared within the 12 months immediately preceding the date of this judgment.
 

 8. Copies of articles, by-laws, partnership agreement, operating agreement, and any other governing documents, and minutes of all meetings of the defendant’s shareholders, board of directors, or members held within 2 years of the date of this judgment.
 

 9. Resolutions of the shareholders, board of directors, or members passed within 2 years of the date of this judgment.
 

 10. A list or schedule of all inventory and equipment.
 

 UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.
 

 Defendant’s Designated Representative Title:.
 

 STATE OF FLORIDA COUNTY OF.
 

 The foregoing instrument was acknowledged before me on.(date).by., as the defendant’s duly authorized representative, who is personally known to me or has produced.as identification and who.did/did not.take an oath.
 

 
 *1072
 
 WITNESS my hand and official seal, on.(date),
 

 Notary Public
 

 State of Florida
 

 My Commission expires:.
 

 MALL OR DELIVER THE COMPLETED FORM TO THE JUDGMENT CREDITOR OR THE JUDGMENT CREDITOR'S ATTORNEY. DO NOT FIT F. THIS FORM WITH THE COURT.
 

 FLORIDA RULES OF APPELLATE PROCEDURE
 

 RULE 9.050. MAINTAINING PRIVACY OF PERSONAL DATA
 

 (a) Application. Unless otherwise required by another rule of court or permitted by leave of court, all briefs, petitions, replies, appendices, motions, notices, stipulations, and responses and any attachment thereto filed with the court shall comply
 
 *1073
 
 with the requirements of Florida Rule of Judicial Administration 2.425.
 

 (b) Limitation. This rule does not require redaction of personal data from the record.
 

 (c) Motions Not Restricted. This rule does not restrict a party’s right to move to file documents under seal.
 

 FLORIDA FAMILY LAW RULES OF PROCEDURE
 

 RULE 12.105. SIMPLIFIED DISSOLUTION PROCEDURE
 

 (a) Requirements for Use. The parties to the dissolution may file a petition for simplified dissolution if they certify under oath that
 

 (1) there are no minor or dependent children of the parties and the-wife is-not now pregnantthe parties do not have any minor or dependent children together, the wife does not have any minor or dependent children who were born during the marriage, and the wife is not now pregnant;
 

 (2) the parties have made a satisfactory division of their property and have agreed as to payment of their joint obligations; and
 

 (3) the other facts set forth in Florida Family Law Rules of Procedure Form 12.901(a) (Petition for Simplified Dissolution of Marriage) are true.
 

 (b) [No change]
 

 (c) Financial — Affidavit—and—Settlement Agreement. — The-parties must each fi-le-a.financial — affidavit (Florida Family ■Law Rules-ef-Procedure-Form 12.902(b) or -12.902(c)), -and a marital-settlement agreement (Flor-ida-Family Law Rules of Procedure Form~12.902(f)(3)).
 

 (dc) Final Judgment. Upon the entry of the judgment, the clerk shall furnish to each party a certified copy of the final judgment- of dissolution, which shall be in substantially the form provided in Florida Family Law Rules of Procedure Form 12.990(a).
 

 (ed) Forms. The clerk or family law intake personnel shall provide forms, for the parties whose circumstances meet the requirements of this rule and shall assist in the preparation of the petition for dissolution and other papers to be filed in the action.
 

 Commentary
 

 [No change]
 

 RULE 12.130. DOCUMENTS SUPPORTING ACTION OR DEFENSE
 

 Attachment of documents supporting an action or defense shall be governed by Florida- Rule of Civil Procedure 1.130.
 

 (a) Documents Attached. If it is essential to state a cause of action, a copy of the bonds, notes, bills of exchange, contracts, accounts, or other documents or the relevant portions of the documents shall be incorporated in or attached to the pleadings.
 

 (b) Part for All Purposes. Any exhibit attached to a pleading shall be considered part of the pleading. Statements in a pleading may be adopted by reference in a different part of the same pleading, in another pleading, or in any motion.
 

 (c) Protection of Account and Personal Identifying Numbers. Any reference in any pleading, or exhibit filed with the court to account numbers, social security numbers, employee identification numbers, driver’s license numbers, passport numbers, or other personal identifying information shall be presented as provided in Florida Rule of Judicial Administration 2.425.
 

 
 *1074
 
 RULE 12.280. GENERAL PROVISIONS GOVERNING DISCOVERY
 

 Florida Rule of Civil Procedure 1.280 shall govern general provisions concerning discovery in family law matters with the following exceptions:
 

 (a)Redaction of Personal Information. All filings of discovery information shall comply with Florida Rule of Judicial Administration 2.425. The court shall have authority to impose sanctions for violation of this rule.
 

 (ab) Supplementing of Responses. A party is under a duty to amend a prior response or disclosure if the party:
 

 (1) — (2) [No change]
 

 (be) Time for Serving Supplemental Responses. Any supplemental response served pursuant to this rule shall be served as soon as possible after discovery of the incorrect information or change, but in no case shall the supplemental response be served later than 24 hours before any applicable hearing absent a showing of good cause.
 

 (ed) Documents Considered Confidential. A determination as to the confidentiality of a court record shall be made in accordance with Florida Rule of Judicial Administration 2.420.
 

 (de) Sealing of Records. Records found to be confidential under Florida Rule of Judicial Administration 2.420 shall be sealed on request of a party.
 

 Commentary
 

 [No change]
 

 RULE 12.285. MANDATORY DISCLOSURE
 

 (a) Application.
 

 (l)-(2) [No change]
 

 (3) Documents Not to be Filed with Court; Sanctions.
 

 (A) Except for the financial affidavit and child support guidelines worksheet, no documents produced under this rule shall be filed in the court file without first obtaining a court order.
 

 (B) References to account numbers and personal identifying information to be filed in the court file shall be governed by Florida Rule of Judicial Administration 2.425.
 

 (C) Sanctions shall be governed by Florida Rule of Civil Procedure 1.280(f).
 

 (b) [No change]
 

 (c) Exemption from Requirement to File and Serve Financial Affidavit. The parties shall not be required to file and serve a financial affidavit under subdivisions (d) and (e) if they are seeking a simplified dissolution of marriage under rule 12105, they have no minor children, have no support issues, and have filed a written settlement agreement disposing of all financial issues, or if the court lacks jurisdiction to determine any financial issues.
 

 (ed) Disclosure Requirements for Temporary Financial Relief. In any proceeding for temporary financial relief heard within 45 days of the service of the initial pleading or within any extension of the time for complying with mandatory disclosure granted by the court or agreed to by the parties, the following documents shall be served on the other party:
 

 (l)-(4) [No change]
 

 (de) Parties’ Disclosure Requirements for Initial or Supplemental Proceedings. A party shall serve the following documents in any proceeding for an initial or supplemental request for permanent financial relief, including, but not limited to, a request for child support, alimony, equitable distribution of assets or debts, or attorneys’ fees, suit money, or costs:
 

 
 *1075
 
 (1)-(16) [No change]
 

 (ef) Duty to Supplement Disclosure; Amended Financial Affidavit.
 

 (l)-(2) [No change]
 

 (fg) Sanctions. Any document to be produced under this rule that is served on the opposing party fewer than 24 hours before a nonfinal hearing or in violation of the court’s pretrial order shall not be admissible in evidence at that hearing unless the court finds good cause for the delay. In addition, the court may impose other sanctions authorized by rule 12.380 as may be equitable under the circumstances. The court may also impose sanctions upon the offending lawyer in lieu of imposing sanctions on a party.
 

 (gh) Extensions of Time for Complying with Mandatory Disclosure. By agreement of the parties, the time for complying with mandatory disclosure may be extended. Either party may also file, at least 5 days before the due date, a motion to enlarge the time for complying with mandatory disclosure. The court shall grant the request for good cause shown.
 

 (hi) Objections to Mandatory Automatic Disclosure. Objections to the mandatory automatic disclosure required by this rule shall be served in writing at-least 5 days prior to the due date for the disclosure or the objections shall be deemed waived. The filing of a timely objection, with a notice of hearing on the objection, automatically stays mandatory disclosure for those matters within the scope of the objection. For good cause shown, the court may extend the time for the filing of an objection or permit the filing of an otherwise untimely objection. The court shall impose sanctions for the filing of meritless or frivolous objections.
 

 (ij) Certificate of Compliance. All parties subject to automatic mandatory disclosure shall file with the court a certificate of compliance, Florida Family Law Rules of Procedure Form 12.932, identifying with particularity the documents which have been delivered and certifying the date of service of the financial affidavit and documents by that party. The party shall swear or affirm under oath that the disclosure is complete, accurate, and in compliance with this rule, unless the party indicates otherwise, with specificity, in the certificate of compliance.-Except for-the financial affidavit and-c-hild support guidelines worksheet, no documents produced under this rule shall be filed in the court file witheut a- court order.
 

 (jk) Child Support Guidelines Worksheet. If the case involves child support, the parties shall file with the court at or prior to a hearing to establish or modify child support a Child Support Guidelines Worksheet in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(e). This requirement cannot be waived by the parties.
 

 (kl) Place of Production.
 

 (l)-(2) [No change]
 

 (1m) Failure of Defaulted Party to Comply. Nothing in this rule shall be deemed to preclude the entry of a final judgment when a party in default has failed to comply with this rule.
 

 Commentary
 

 [No change]
 

 Committee Notes
 

 [No change]
 

 RULE 12.287. FINANCIAL AFFIDAVITS IN ENFORCEMENT AND CONTEMPT PROCEEDINGS
 

 Any party in an enforcement or contempt proceeding may serve upon any oth
 
 *1076
 
 er party a written request to file and-serve a financial affidavit if the other party’s financial circumstances are relevant in the proceeding. The party to whom the request is made shall file -andserve the requested financial affidavit and file a notice of compliance within 10 days after the service of the written request. The court may allow a shorter or longer time. The financial affidavit shall be in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(b) (Short Form), all sections of which shall be completed.
 

 RULE 12.340. INTERROGATORIES TO PARTIES
 

 Interrogatories to parties shall be governed generally by Florida Rule of Civil Procedure 1.340, with the following exceptions.
 

 (a)-(b) [No change]
 

 (c) Serving of Responses. Parties shall serve responses to interrogatories on the requesting party. Responses shall not be filed with the court unless they are admitted into evidence by the court and are in compliance with Florida Rule of Judicial Administration 2.425, The responding party shall file with the court Florida Family Law Rules of Procedure Form 12.930(d), Notice of Service of Answers to Standard Family Law Interrogatories.
 

 Commentary
 

 [No change]
 

 Committee Note
 

 [No change]
 

 RULE 12.363. EVALUATION OF MINOR CHILD
 

 (a) [No change]
 

 (b) Providing of Reports.
 

 (1) Unless otherwise ordered, the expert shall prepare and provide a written report to the attorney for each party or the party, if unrepresented, and the guardian ad litem, if appointed, a reasonable time before any evidentiary hearing on the matter at issue. The expert also shall send written notice to the court that the report has been completed and that a copy of the written report has been provided to the attorney for each party or the party, if unrepresented, and the guardian ad litem, if appointed. In any event, the written report shall be prepared and provided no later than 30 days before trial or 75 days from the order of appointment, unless the time is extended by order of the court. The expert shall not send a copy of the report to the court unless the parties and their attorneys have agreed in writing that the report will be considered by the court and filed in the court file as provided in subdivision (e).
 

 (2) [No change]
 

 (c)-(d) [No change]
 

 (e) Use of Evidence. An expert appointed by the court shall be subject to the same examination as a privately retained expert and the court shall not entertain any presumption in favor of the appointed expert’s findings. Any finding or report by an expert appointed by the court may be entered into evidence on the court’s own motion or the motion of any party in a manner consistent with the rules of evidence, subject to cross-examination by the parties. Any report filed in the court file shall be in compliance with Florida Rule of Judicial Administration 2.425.T-he report shall not be considered by the-eourt before it is properly admitted into evidence. The report shall not be filed in the court file unless or until it is properly admitted into evidence and considered by the court. The court shall consider whether the re
 
 *1077
 
 port should be sealed as provided by Florida Rule of Judicial Administration 2.420.
 

 Committee Note
 

 [No change]
 

 RULE 12.370. REQUESTS FOR ADMISSION
 

 Requests for admission shall be governed by Florida Rule of Civil Procedure 1.370, except that
 

 (a) the request and any response to it must comply with Florida Rule of Judicial Administration 2.425; and
 

 (b) documents attached to the request for admission shall not be filed with the court and shall only be attached to the copy served on the party to whom the request for admissions is directed.
 

 RULE 12.410. SUBPOENA
 

 Subpoenas shall be governed by Florida Rule of Civil Procedure 1.410, except as follows:
 

 (a) Subpoenas. No subpoena issued under Florida Rule of Civil Procedure 1.410, even if for the purpose of proof of service or nonservice of the subpoena, shall be filed with the court unless in compliance with Florida Rule of Judicial Administration 2.425.
 

 (b) Notice of Issuance of Subpoena. A party issuing a subpoena through an attorney of record or clerk of the court under Florida Rule of Civil Procedure 1.410 shall, on the same day as the subpoena is issued, serve each party to the proceeding with a notice of issuance of subpoena and file this notice with the court. The notice of issuance of subpoena shall identify the person or entity subject to the subpoena, the date the subpoena was issued, and the date and time for appearance or production, and shall recite that all references to account numbers or personal identifying numbers are in compliance with Florida Rule of Judicial Administration 2.425.
 

 (c)Notice to Produce. Any notice to produce issued under Florida Rule of Civil Procedure 1.410 shall comply with Florida Rule of Judicial Administration 2.425.
 

 Committee Note
 

 2008 Amendment. The provisions of
 
 F-la, R.
 
 ⅛⅜]Fla. R. Civ. P. 1.410(h) do not alter the requirements of
 
 Rulsrule
 
 12.407 that a court order must be obtained before a minor child may be subpoenaed to appear at a hearing.
 

 RULE 12.440. SETTING ACTION FOR TRIAL
 

 Florida Rule of Civil Procedure 1.440 shall govern general provisions concerning setting an action for trial in family law matters, with the following exceptions and additions.
 

 (a) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order setting the action for trial, fixing a date for trial, and setting a pretrial conference, if necessary. In the event a default has been entered, reasonable notice of not less than 10 days shall be given unless otherwise required by law. Trial shall be set within a reasonable time from the service of the notice for trial. At the pretrial conference, the parties should be prepared, consistent with Florida Family Law Rule of Procedure 12.200, to present any matter that will prepare the parties for trial and that can expedite the resolution of the case. The trial court may also direct the parties to reciprocally exchange and file with the court all documents relative to the outcome of the case; a list of all witnesses, all issues to be tried, and all undisposed motions; an estimate of the time needed to try the case; and any other information the court deems appropriate. Any court filings shall be in con
 
 *1078
 
 formity with Florida Rule of Judicial Administration 2.425. This information should be served and filed no later than 72 hours before the pretrial conference or 30 days before the trial.
 

 (b) [No change]
 

 Commentary
 

 [No change]
 

 RULE 12.540. RELIEF FROM JUDGMENT, DECREES, OR ORDERS
 

 Florida Rule of Civil Procedure 1.540 shall govern general provision concerning relief from judgment, decrees, or orders, except:
 

 (a) that-there shall be no time limit for motions based on fraudulent financial affidavits in marital or paternity cases; and
 

 (b) the motion and any attachment or exhibit to it shall be in compliance with Florida Rule of Judicial Administration 2.425.
 

 Commentary
 

 [No change]
 

 RULE 12.560. DISCOVERY IN AID OF EXECUTION
 

 (a)-(d) [No change]
 

 (e) Notice of Compliance. The judgment debtor shall file with the clerk of court a notice of compliance with the order to complete form 1.977, and serve a copy of the notice of compliance on the judgment creditor or the judgment creditor’s attorney. Form 1.977 shall not be filed with the clerk of the court or in any other public record, except by order of the court after a notice and hearing and for good cause shown. If the court permits the filing of form 1.977, it shall be in compliance with the requirements of Florida Rule of Judicial Administration 2.425.
 

 Committee Notes
 

 2000 Amendment. Subdivisions (b)-(e) were added to the Florida Rules of Civil Procedure and adopted with amendments into the Family Law Rules of Procedure. The amendments to the Civil Rules were patterned after Florida Small Claims Rule 7.221(a) and Form 7.343. Although the judgment creditor is entitled to broad discovery into the judgment debtor’s finances (Fla. R. Civ. P. 1.280(b);
 
 Jim Appley’s Trur-Arc, Inc. v. Liquid Extraction Systems,
 
 526 So.2d 177, 179 (Fla. 2d DCA 1988)), in family law cases inquiry into the individual assets of the judgment debtor’s spouse must be precluded until a proper predicate has been shown.
 
 Try-Arc, Inc.,
 
 526 So.2d at 179;
 
 Rose Printing Co. v. D'Amato,
 
 338 So.2d 212 (Fla. 3d DCA 1976).
 

 RULE 12.620. RECEIVERS
 

 Receivers shall be governed by Florida Rule of Civil Procedure 1.620, except that any inventory filed with the court shall be in compliance with Florida Rule of Judicial Administration 2.425.
 

 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.901(a), PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE (10/11)
 

 When should this form be used?
 

 This form should be used when a husband and wife are filing for a simplified dissolution of marriage. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You may file a simplified dissolution of marriage in Florida if all of the following are true:
 

 • You and your spouse agree that the marriage cannot be saved.
 

 • You and your spouse have no minor or dependent child(ren) together, the wife
 
 *1079
 
 does not have any minor or dependent children born during the marriage, and the wife is not now pregnant.
 

 • You and your spouse have worked out how the two of you will divide the things that you both own (your assets) and who will pay what part of the money you both owe (your liabilities), and you are both satisfied with this division.
 

 • You are not seeking support (alimony) from your spouse, and vice versa.
 

 • You and your spouse have filed financial affidavits with the court or you have waived the filing of financial affidavits and you are satisfied with the financial disclosure received from the other spouse.
 

 • You are willing to give up your right to trial and appeal.
 

 • You and your spouse are both willing to go into the clerk’s office to sign the petition (not necessarily together).
 

 • You and your spouse are both willing to go to the final hearing (at the same time).
 

 If you do not meet the criteria above, you must file a regular petition for dissolution of marriage.
 

 This petition should be typed or printed in black ink. Each of you must sign the petition in the presence of a deputy clerk (in the clerk’s office), although you do not have to go into the clerk’s office at the same time. You will need to provide picture identification (valid driver’s license or official identification card) for the clerk to witness your signatures.
 

 What should I do next?
 

 1.After completing this form, you should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
 

 If you did not waive the filing of a financial affidavit in the petition, each of you must file a Financial Affidavit. Florida Family Law Rules of Procedure Form 12.902(b) or (c). You may document your agreement by signing a Marital Settlement Agreement, Florida Family Law Rules of Procedure Form 12.902(f)(3) and filing it with the clerk of the circuit court or you may agree that all of your assets (what you own) and liabilities (what you owe) have been disposed of by oral agreement.
 

 2. You must prove to the court that the husband and/or wife has (have) lived in Florida for more than 6 months before filing the petition for dissolution of marriage. Residence can be proved by:
 

 • a valid Florida driver’s license, Florida identification card, or voter registration card issued to one of you at least 6 months prior to filing for dissolution of marriage; or
 

 • the testimony of another person who knows that either you or your spouse has resided in Florida for more than 6 months and is available to testify in court; or
 

 • an affidavit. To prove residence by affidavit, use an Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i). This form must be signed by a person who knows that either you or your spouse has lived in Florida for more than 6 months before the date that you filed the petition for dissolution of marriage. This affidavit may be signed in the presence of the clerk of the court or in the presence of a notary public, who must affix his or her seal at the proper place on the affidavit.
 

 3. You must pay the appropriate filing fees to the clerk of the circuit court. If you and your spouse cannot afford to pay
 
 *1080
 
 the filing fees, you may fill out an Application for Determination of Civil Indigent Status, and file it with your petition for dissolution of marriage. You may obtain this form from the clerk and he or she will determine whether you are eligible to have filing fees waived.
 

 4. Either you or the clerk of court will need to complete a Family Court Cover Sheet, Florida Family Law Rules of Procedure Form 12.928. The clerk’s office can provide this form.
 

 5. You must obtain a date and time for a court appearance from the clerk of court. On that date, you and your spouse must appear together before a judge. You should complete a Final Judgment of Simplified Dissolution of Marriage, Florida Family Law Rules of Procedure Form 12.990(a), and bring it with you to the hearing. At that time, if all of the papers are in order, the judge may grant a final judgment dissolving your marriage under simplified dissolution of marriage procedures by signing the final judgment which you have provided.
 

 6.If you fail to complete this procedure, the court may dismiss the case to clear its records.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and Rule 12.105, Florida Family Law Rules of Procedure.
 

 Special notes ...
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1081
 
 [[Image here]]
 

 
 *1082
 
 [[Image here]]
 

 
 *1083
 
 [[Image here]]
 

 
 *1084
 
 [[Image here]]
 

 
 *1085
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(1), PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (10/11)
 

 When should this form be used?
 

 This form should be used when a husband or wife is filing for a dissolution of marriage and you and your spouse have a dependent or minor ehild(ren) together or the wife is pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You must file this form if the following is true:
 

 • You and your spouse have a dependent or minor children) together or the wife is pregnant.
 

 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
 

 What should I do next?
 

 For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b).. If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
 

 If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
 

 DEFAULT. If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 CONTESTED. If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle
 
 *1086
 
 the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
 

 Special notes ...
 

 If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
 

 If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
 

 With this form, you must also file the following:
 

 • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 

 • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
 

 • Affidavit of CoiToborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 

 • Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 

 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support. Otherwise, it must be filed within 45 days of service of the petition on the respondent.)
 

 • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of
 
 *1087
 
 service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
 

 • Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), Safety Focused Parenting Plan, Form 12.995(b), or Relocation/Long-Distance Parenting Plan 12.995(c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
 

 Parenting Plan and Time-Sharing. If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor children).
 

 The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the children) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
 

 A parenting course must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
 

 Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 

 • Shared Parental Responsibility
 

 • Sole Parental Responsibility
 

 • Supervised Time-Sharing
 

 • No contact
 

 • Parenting Plan
 

 • Parenting Plan Recommendation
 

 • Time-Sharing Schedule
 

 Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the children) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
 

 Alimony. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony,
 
 *1088
 
 you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
 

 Marital/Nonmarital Assets and Liabilities. Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmar-ital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be non-marital, the judge will not consider it when distributing marital assets and liabilities. Temporary Relief. If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
 

 Marital Settlement Agreement. If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
 

 Parenting Plan. In all cases involving minor or dependent ehild(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b), or Relocation/Long-Distance Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(c), which addresses the time-sharing schedule for the children). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a Parenting Plan will be established by the court.
 

 Final Judgment Form. These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
 

 Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a
 
 *1089
 
 Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 [[Image here]]
 

 
 *1090
 
 [[Image here]]
 

 
 *1091
 
 [[Image here]]
 

 
 *1092
 
 [[Image here]]
 

 
 *1093
 
 [[Image here]]
 

 
 *1094
 
 [[Image here]]
 

 
 *1095
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(2), PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (10/11)
 

 When should this form be used?
 

 This form may be used when a husband or wife is filing for a dissolution of marriage, and the husband and wife have marital assets and/or marital liabilities but they do not have any dependent children nor is the wife is now pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a simplified dissolution of marriage petition, Florida Family Law Rules of Procedure Form 12.901(a). However, you cannot file for a simplified dissolution of marriage if any of the following are true:
 

 • You disagree about property, debts, or other matters and wish to have a judge settle them for you.
 

 • Either you or your spouse is seeking support (alimony).
 

 • You would like to ask questions and get documents concerning your spouse’s income, expenses, assets, debts, or other matters before having a trial or settlement.
 

 • You would like to reserve your rights to have any matters reconsidered or appeal the judge’s decision.
 

 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
 

 What should I do next?
 

 For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required.. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
 

 If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
 

 DEFAULT ... If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Ap
 
 *1096
 
 proved Family Law Form 12.928, or other appropriate notice of hearing form. UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counter-petition, you should answer the counter-petition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
 

 Special notes ...
 

 If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
 

 If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery or domestic violence do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
 

 With this form, you must also file the following:
 

 • Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 

 • Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you and your spouse have reached an agreement on any or all of the issues.
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 

 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
 

 
 *1097
 
 • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
 

 Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony. Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
 

 Temporary Relief ... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.
 

 Marital Settlement Agreement ... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Property But No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both husband and wife must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
 

 Final Judgment Form ... These family law forms contain a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(2). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
 

 Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of
 
 *1098
 
 the last page of every form he or she helps you complete.
 

 [[Image here]]
 

 
 *1099
 
 [[Image here]]
 

 
 *1100
 
 [[Image here]]
 

 
 *1101
 
 [[Image here]]
 

 
 *1102
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(3), PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY(10/11)
 

 When should this form be used?
 

 This form may be used when a husband or wife is filing for a dissolution of marriage, and the husband and wife have no marital assets and/or marital liabilities and they do not have any dependent children nor is the wife is now pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a petition for simplified dissolution of marriage, Florida Family Law Rules of Procedure Form 12.901(a). However, you may file this form if all of the following are true:
 

 • You have no marital assets or marital debts.
 

 • Neither you nor your spouse is seeking support (alimony).
 

 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
 

 What should I do next?
 

 For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
 

 If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
 

 DEFAULT ... If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, fam
 
 *1103
 
 ily law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counter-petition, you should answer the counter-petition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
 

 Special notes ...
 

 If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
 

 If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
 

 With this form, you must also file the following:
 

 • Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 

 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
 

 • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
 

 Final Judgment Form ... These family law forms contain a Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or
 
 *1104
 
 judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for' the judge to complete at your hearing or trial.
 

 Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1105
 
 [[Image here]]
 

 
 *1106
 
 [[Image here]]
 

 
 *1107
 
 [[Image here]]
 

 
 *1108
 
 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(b), FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM) (10/11)
 

 When should this form be used?
 

 This form should be used when you are involved in a family law ease which requires a financial affidavit and your individual gross income is UNDER $50,000 per year unless.
 

 (1) you are filing a simplified dissolution of marriage under rule 12.105 and both parties have waived the filing of a financial affidavit.
 

 (2) you have no minor children, no support issues, and have filed a written settlement agreement disposing of all financial issues, or
 

 (3) the court lacks jurisdiction to determine any financial issues.
 

 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
 

 What should I do next?
 

 A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers. This must be accomplished within 45 days of service of the petition.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see rule 12.285, Florida Family Law Rules of Procedure.
 

 Special notes ...
 

 If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
 

 The affidavit must be completed using monthly income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.
 

 Hourly-If you are paid by the hour, you may convert your income to monthly as follows:
 

 Hourly amount x Hours worked per week = Weekly amount
 

 Weekly amount x 52 Weeks per year = Yearly amount
 

 Yearly amount h- 12 Months per year = Monthly Amount
 

 Daily-If you are paid by the day, you may convert your income to monthly as follows:
 

 Daily amount x Days worked per week = Weekly amount
 

 Weekly amount x 52 Weeks per year = Yearly amount
 

 Yearly amount -r 12 Months per year = Monthly Amount
 

 Weekly-If you are paid by the week, you may convert your income to monthly as follows:
 

 
 *1109
 
 Weekly amount x 52 Weeks per year = Yearly amount
 

 Yearly amount
 
 +
 
 12 Months per year = Monthly Amount
 

 Bi-weekly-If you are paid every two weeks, you may convert your income to monthly as follows:
 

 Bi-weekly amount x 26 = Yearly amount
 

 Yearly amount -f 12 Months per year = Monthly Amount
 

 Semi-monthly-If you are paid twice per month, you may convert your income to monthly as follows:
 

 Semi-monthly amount x 2 = Monthly Amount
 

 Expenses may be converted in the same manner.
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1110
 
 [[Image here]]
 

 
 *1111
 
 [[Image here]]
 

 
 *1112
 
 [[Image here]]
 

 
 *1113
 
 [[Image here]]
 

 
 *1114
 
 [[Image here]]
 

 
 *1115
 
 [[Image here]]
 

 
 *1116
 
 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULE OF PROCEDURE FORM 12.902(c), FAMILY LAW FINANCIAL AFFIDAVIT (10/11)
 

 When should this form be used?
 

 This form should be used when you are involved in a family law case which requires a financial affidavit and your individual gross income is $50,000 OR MORE per year unless:
 

 (1) You are filing a simplified dissolution of marriage under rule 12.105 and both parties have waived the filing of financial affidavits;
 

 (2) you have no minor children, no support issues, and have filed a written settlement agreement disposing of all financial issues, or
 

 (3) the court lacks jurisdiction to determine any financial issues.
 

 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notan» public or denutv clerk. You should then fi|g the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
 

 What should I do next?
 

 A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers. This must be accomplished within 45 days of service of the petition.
 

 Where can I look for more information?
 

 Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in 'hold underline" in these instructions are defined there. For further information, see rule 12.285, Florida Family Law Rules of Procedure.
 

 Special notes...
 

 If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
 

 The affidavit must be completed using monthly income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.
 

 Hourly - If you are paid by the hour, you may convert your income to monthly as follows:
 

 Hourly amount x Hours worked per week = Weekly amount
 

 Weekly amount' x 52 Weeks per year = Yearly amount
 

 Yearly amount * 12 Months per year = Monthly Amount
 

 Daily - If you are paid by the day, you may convert your Income to monthly as follows:
 

 Daily amount x Days worked per week = Weekly amount
 

 Instructions for Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (10/11)
 

 
 *1117
 
 [[Image here]]
 

 
 *1118
 
 [[Image here]]
 

 
 *1119
 
 [[Image here]]
 

 
 *1120
 
 [[Image here]]
 

 
 *1121
 
 [[Image here]]
 

 
 *1122
 
 [[Image here]]
 

 
 *1123
 
 [[Image here]]
 

 
 *1124
 
 [[Image here]]
 

 
 *1125
 
 [[Image here]]
 

 
 *1126
 
 [[Image here]]
 

 
 *1127
 
 [[Image here]]
 

 
 *1128
 
 [[Image here]]
 

 
 *1129
 
 [[Image here]]
 

 
 *1130
 
 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(e), CHILD SUPPORT GUIDELINES WORKSHEET (10/11)
 

 When should this form be used?
 

 You should complete this worksheet if child support is being requested in your case. If you know the income of the other party, this worksheet should accompany your financial affidavit. If you do not know the other party's income, this form must be completed after the other party files his or her financial affidavit, and serves a copy on you.
 

 This form should be typed or printed in black ink. You should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
 

 What should I do next?
 

 A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.
 

 Where can I look for more information?
 

 Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see section 61.30, Florida Statutes.
 

 Special notes...
 

 If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence,, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
 

 The chart below contains the guideline amounts that you should use when calculating child support. This amount is based on the number of children and the combined income of the parents, and it is divided between the parents in direct proportion to their Income or earning capacity. From time to time, some of the amounts in the child support guidelines chart will change. Be sure you have the most recent version of the chart before using it.
 

 Because the guidelines are based on monthly amounts, it may be necessary to convert some income and expense figures from other frequencies to monthly. You should do this as follows:
 

 If payment is twice per month Payment amount x 2 = Monthly amount
 

 If payment is every two weeks Paymentamount x 26 = Yearly amount due Yearly amount * 12 =. Monthly amount
 

 Instructions for Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (10/11)
 

 
 *1131
 
 If payment Is weekly Weekly amount x 52 - Yearly amount due Yearly amount * 12 = Monthly amount
 

 If you or the other parent request that the court award an amount that is different than the guideline amount, you must also complete and attach a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943.
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 Instructions for Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (10/11)
 

 
 *1132
 
 [[Image here]]
 

 
 *1133
 
 [[Image here]]
 

 
 *1134
 
 [[Image here]]
 

 
 *1135
 
 [[Image here]]
 

 
 *1136
 
 [[Image here]]
 

 
 *1137
 
 [[Image here]]
 

 
 *1138
 
 [[Image here]]
 

 
 *1139
 
 [[Image here]]
 

 
 *1140
 
 [[Image here]]
 

 
 *1141
 
 [[Image here]]
 

 
 *1142
 
 [[Image here]]
 

 
 *1143
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(1), ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (10/11)
 

 When should this form be used?
 

 This form should be used when you are responding to a petition for dissolution of marriage with dependent or minor children) and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counterpetition portion of this form is used to ask for whatever you want the court to do for you.
 

 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
 

 What should I do next?
 

 You have 20 days to answer after being served with the other party’s petition. A copy of this form must be mailed or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:
 

 The other party is required to answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
 

 UNCONTESTED ... Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 CONTESTED ... Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or coun-terpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
 

 Where can I look for more information?
 

 Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
 

 Special notes ...
 

 With this form, you must also file the following:
 

 • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d)
 

 • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the
 
 *1144
 
 other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
 

 • Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 

 • Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you have reached an agreement on any or all of the issues.
 

 • Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), Safety-Focused Parenting Plan, Form 12.995(b), or Relocation-Long-Distance Parenting Plan, Form 12.995(c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 

 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
 

 • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
 

 Parenting Plan and Time-Sharing ... If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor children).
 

 The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the children) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
 

 A parenting course must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
 

 Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 

 • Shared Parental Responsibility
 

 • Sole Parental Responsibility
 

 • Supervised Time-Sharing
 

 • No contact
 

 • Parenting Plan
 

 • Parenting Plan Recommendation
 

 • Time-Sharing Schedule
 

 Child Support ... The court may order one parent to pay child support to assist
 
 *1145
 
 the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
 

 Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
 

 Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. Equitable does not necessarily mean equal. Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Non-marital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
 

 Parenting Plan ... In all cases involving minor or dependent children), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form. 12.995(a), 12.995(b), or 12.995(c) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. A Parenting Plan will be established by the court.
 

 Temporary Relief ... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
 

 Marital Settlement Agreement ... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you
 
 *1146
 
 are unable to agree will be considered contested and settled by the judge at the final hearing.
 

 Final Judgment Form ... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
 

 Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1147
 
 [[Image here]]
 

 
 *1148
 
 [[Image here]]
 

 
 *1149
 
 [[Image here]]
 

 
 *1150
 
 [[Image here]]
 

 
 *1151
 
 [[Image here]]
 

 
 *1152
 
 [[Image here]]
 

 
 *1153
 
 [[Image here]]
 

 
 *1154
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(2), ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (10/11)
 

 When should this form be used?
 

 This form should be used when you are responding to a petition for dissolution of marriage with property but no dependent or minor child(ren) and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counter-petition portion of this form is used to ask for whatever you want the court to do for you.
 

 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
 

 What should I do next?
 

 You have 20 days to answer after being served with the other party’s petition. A copy of this form must be mailed or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:
 

 The other party is required to answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
 

 UNCONTESTED ... Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 CONTESTED ... Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or coun-terpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
 

 Where can I look for more information?
 

 Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
 

 Special notes ...
 

 With this form, you must also file the following:
 

 • Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(f) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card
 
 *1155
 
 (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 

 • Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 

 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
 

 • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
 

 Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
 

 Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. Equitable does not necessarily mean equal. Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Non-marital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
 

 Temporary Relief ... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.
 

 Marital Settlement Agreement ... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing. Final Judgment Forms ... These family law forms contain a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(2). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a
 
 *1156
 
 final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
 

 Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1157
 
 [[Image here]]
 

 
 *1158
 
 [[Image here]]
 

 
 *1159
 
 [[Image here]]
 

 
 *1160
 
 [[Image here]]
 

 
 *1161
 
 [[Image here]]
 

 
 *1162
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (10/11)
 

 When should this form be used?
 

 This form may be used to ask the court to enter a support order if you and your spouse are separated, and your spouse has the ability to contribute to you and your minor child(ren), but has failed to do so. You can only use this form if a dissolution of marriage has not been filed and based upon the time-sharing schedule, you are entitled to support. If a petition for dissolution of marriage has been filed, you should file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
 

 This petition cannot address the issues of property, debts, or parental responsibility and time-sharing with child(ren). It only deals with alimony and child support. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
 

 What should I do next?
 

 For your case to proceed, you must properly notify the other party in your case of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), after striking through “for Dissolution of Marriage” and inserting “for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren).” If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues. If personal service is used, the other party has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
 

 DEFAULT. If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by
 
 *1163
 
 using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 UNCONTESTED. If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 CONTESTED. If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.09, Florida Statutes.
 

 Special notes ...
 

 If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
 

 With this form you must also file the following:
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 

 • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves minor or dependent child(ren).
 

 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
 

 • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
 

 • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
 

 Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a por
 
 *1164
 
 tion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
 

 Temporary Relief. If you need temporary relief regarding child support or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form. Final Judgment Form. These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
 

 Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1165
 
 [[Image here]]
 

 
 *1166
 
 [[Image here]]
 

 
 *1167
 
 [[Image here]]
 

 
 *1168
 
 [[Image here]]
 

 
 *1169
 
 [[Image here]]
 

 
 *1170
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(b), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) (10/11)
 

 When should this foi-m be used?
 

 This form may be used if you and your spouse are separated, but a dissolution of marriage has not been filed, and you are requesting alimony. If a petition for dissolution has been filed, you should file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
 

 This petition does not address the issues of property or debts. It only deals with alimony.
 

 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
 

 What should I do next?
 

 For your case to proceed, you must properly notify the other party in your case of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a)(1), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.918(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), after striking through “for Dissolution of Marriage” and inserting “for Support Unconnected with Dissolution for Marriage with No Dependent or Minor Child(ren).” If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
 

 If personal service is used, the other party has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
 

 DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have com
 
 *1171
 
 plied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.09, Florida Statutes.
 

 Special notes ...
 

 If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
 

 With this form you must also file the following:
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 

 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
 

 • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
 

 Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
 

 Temporary Relief ... If you need temporary relief regarding alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form. Final Judgment Form ... These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with No Dependent or Minor
 
 *1172
 
 Child(ren), Florida Supreme Court Approved Family Law Form 12.994(b), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
 

 Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1173
 
 [[Image here]]
 

 
 *1174
 
 [[Image here]]
 

 
 *1175
 
 [[Image here]]
 

 
 *1176
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(d), SUPPLEMENTAL PETITION FOR TEMPORARY MODIFICATION OF PARENTING ISSUES FOR CHILD(REN) OF PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE (10/11)
 

 When should this form be used?
 

 This form should be used when a parent seeks a temporary modification of an order establishing custody, visitation, a parenting plan, or time-sharing schedule because the parent is activated, deployed, or temporarily assigned to military service and the parent’s ability to comply with the prior order (s) and time-sharing schedule is materially affected.
 

 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. This form and these instructions do not apply to modification of temporary orders.
 

 What should I do next?
 

 For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting dissolution of marriage, the court may only grant limited relief. For more information on construc-five service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
 

 If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
 

 DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 UNCONTESTED ... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family
 
 *1177
 
 Law Form 12.923, or other appropriate notice of hearing form.
 

 CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
 

 Where can I look for more information?
 

 Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.13002, Florida Statutes.
 

 Special notes ...
 

 If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
 

 With this form, you must also file the following:
 

 • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 

 • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are seeking modification of the child support obligation. (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
 

 • Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
 

 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), if you are seeking modification of the child support obligation.
 

 • Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a), (b), or (c). If the parties have reached an agreement, a signed and notarized Parenting Plan should be attached. If you have not reached an agreement, a proposed Parenting Plan may be filed.
 

 • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932, if you are seeking modification of the child support obligation. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental
 
 *1178
 
 petition, unless you and the other party have agreed not to exchange these documents.)
 

 Temporary Judgment Form ... These family law forms contain a Supplemental Temporary Judgment Modifying Parenting Issues for Children of a Parent Activated, Deployed or Temporarily Assigned to Military Service Florida Supreme Court Approved Family Law Form 12.993(d), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
 

 Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1179
 
 [[Image here]]
 

 
 *1180
 
 [[Image here]]
 

 
 *1181
 
 [[Image here]]
 

 
 *1182
 
 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(b), STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS (10/11)
 

 When should this form be used?
 

 This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
 

 The questions in this form should be used in original proceedings or enforcement proceedings and are meant to supplement the information provided in the Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
 

 This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send an original and one copy of this form and the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You shall not file this form with the clerk of the circuit court unless the answers are admitted into evidence by the court and are in compliance with Florida Rule of Judicial Administration 2.425. However, you must file the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure, and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.
 

 Special notes ...
 

 In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
 

 You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space pro
 
 *1183
 
 vided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. DO NOT FILE THE ORIGINAL OR A COPY WITH THE CLERK OF THE COURT EXCEPT AS PROVIDED BY FLORIDA RULE OF CIVIL PROCEDURE 1.340(e) AND IN ACCORDANCE WITH THE REQUIREMENTS OF FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.425. The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps' you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1184
 
 [[Image here]]
 

 
 *1185
 
 [[Image here]]
 

 
 *1186
 
 b. Other than asan employee, if you have been engaged in or associated with any business, commercial, or professional activity within the last 3 years that was not detailed above, state for each such activity the following:
 

 (1) name, address, and telephone number of each activity.
 

 (2) dates you were connected with such activity.
 

 (3) position title and brief description of activities.
 

 (4) starting and ending compensation.
 

 (5) name of all persons involved in the business, commercial, or professional activity with you.
 

 (6) all benefits and compensation received, Including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues In any clubs or associations; and pension or profit sharing plans.
 

 c. If you have been unemployed at any time during the last 3 years, state the dates of unemployment. If you have not been emptoy#d_at any time in-the last 3 years, give the information requested above in question 3.a for your last period of employment.
 

 4. ASSETS:
 

 a. Real Estate. State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years. For each property, state the following:
 

 (1) the names and addresses of any other persons or entities holding any Interest and their percentage of Interest.
 

 (2) the purchase price, the cost of any improvements made since It was purchased, and the amount of any depreciation taken.
 

 (3) the fair market value on the date of your separation from your spouse.
 

 (4) the fair market value on the date of the filing of the petition for dissolution of marriage.
 

 Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/11)
 

 
 *1187
 
 b. Tangible Personal Property, list all Items of tangible personal property that are owned by you or in which you have had any Interest during the last 3 years Including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:
 

 (1) the percentage and type interest you hold.
 

 (2) the names and addresses of any other persons or entities holding any interest.
 

 (3) the date you acquired your interest.
 

 (4) the purchase price.
 

 (5) the present fair market value.
 

 (6) the fair market value on the date of your separation from your spouse.
 

 (7) the fair market value on the date of the filing of the petition for dissolution of marriage.
 

 c. Intangible Personal Property. Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all Items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, including but not limited to, partnership and business interests (Including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:
 

 (1) the percentage and type interest you hold.
 

 (2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you.
 

 (3) the date you acquired your interest.
 

 (4) the purchase price, acquisition cost, or loaned amount.
 

 (5) the fair market value or the amounts you claim are owned by or owed to you:
 

 (a) presently, at the time of answering these interrogatories.
 

 (b) on the date of your separation from your spouse.
 

 (c) on the date of the filing of the petition for dissolution of marriage.
 

 You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. However, If the date of acquisition, the purchase price and the market valuations are not clearly reflected In the periodic statements which are furnished then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.2S5 (Mandatory Disclosure).
 

 Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/11)
 

 
 *1188
 
 d. Retirement Accounts: List all information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your employer, or any previous employer. For each account, state the following:
 

 (1) the name and last 4 digits of the account number of each account/plan and where it is located.
 

 (2) the type of account/plan.
 

 (3) the name and address of the fiduciary plan administrator/service representative.
 

 (4) the fair market value of your interest in each account/plan.
 

 (a) present value.
 

 (b) value on the date of separation.
 

 (c) value on the date of filing of the petition for dissolution of marriage
 

 (5) whether you are vested or not vested; and if vested, in what amount, as of a certain date and the schedule of future vesting.
 

 (6) the date at which you became/become eligible to receive some funds in this account/plan.
 

 (7) monthly benefits of the account/plan if no fair market value is ascertained.
 

 (8) beneficiary(ies) and/or alternate payee(s).
 

 e. Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (1) name and address of each institution.
 

 (2) name in which the account is or was maintained.
 

 (3) the last 4 digits of account numbers.
 

 (4) name of each person authorized to make withdrawals from the accounts.
 

 (5) highest balance within each of the preceding 3 years.
 

 (6) lowest balance within each of the preceding 3 years.
 

 You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).
 

 f.Closed Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, in
 

 Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/11)
 

 
 *1189
 
 which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (1)name and address of each institution.
 

 <2} name In which the account is or was maintained.
 

 (3) the last 4 digits of account numbers.
 

 {4} name of each person authorized to make withdrawals from the accounts.
 

 (5) date account was closed.
 

 g. Trust. For any interest in an estate, trust,'insurance policy, or annuity, state (he following:
 

 (1} If you are the beneficiary of any estate, trust, insurance policy, Dr annuity, give for each one the following:
 

 (a) identification of the estate, trust, Insurance policy, or annuity.
 

 (b) the nature, amount, and frequency of any distributions of benefits.
 

 (c) the total value of the beneficiaries' interest in the benefit.
 

 (d) whether the benefit is vested or contingent.
 

 (2)If you have established any trust or are the trustee of a trust, state the following:
 

 (a) the date the trust was established.
 

 (b) the names and addresses of the trustees.
 

 (c) the names and addresses of the beneficiaries.
 

 (d) the names and addresses of the persons or entities who possess the trust documents.
 

 (e) each asset that is held in each trust, with its fair market value.
 

 h. Canceled Life Insurance Policies. For all policies of life insurance within the preceding 3 years that you no longer hold, own, or have any Interest in, state the following:
 

 (1) name of company that issued the policy and last 4 digits of policy number.
 

 (2) name, address, and telephone number of agent who issued the policy.
 

 (3) amount of coverage.
 

 (4) name of insured.
 

 (5) name of owner of policy.
 

 (6) name of beneficiaries.
 

 (7) premium amount.
 

 (8) date the policy was surrendered.
 

 (9) amount, If any, of monies distributed to the owner.
 

 Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/11)
 

 
 *1190
 
 i. Name of Accountant, Bookkeeper, or Records Keeper. State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.
 

 j. Safe Deposit Boxes, Lock Boxes, Vaults, Etc. For all safe deposit boxes, lock boxes, vaults, or similar types of depositories, state the following:
 

 (1) The names and addresses of all banks, depositories, or other places where, at any time during the period beginning 3 years before the initiation of the action, until the date of your answering this interrogatory, you did any of the following:
 

 (a) had a safe deposit box, lock box, or vault.
 

 (b) were a signatory or co-signatory on a safe deposit box, lock box, or vault.
 

 (c) had access to a safe deposit box, lock box, or vault.
 

 (d) maintained property.
 

 (2) The box or identification numbers and the name and address of each person who has had access to any such depository during the same time period.
 

 (3) All persons who have possession of the keys or combination to the safe deposit box, lock box, or vault.
 

 (4) Any Items removed from any safe deposit boxes, lock boxes, vaults, or similar types of depositories by you or your agent during that time, together with the present location and fair market value of each item.
 

 (5) All items in any safe deposit boxes, lock boxes, vaults, or similar types of depositories and fair market value of each item.
 

 5. LIABILITIES:
 

 a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:
 

 (1) name and address of the creditor.
 

 (2) name in which the obligation is or was Incurred.
 

 (3) last 4 digits of loan or account number, if any.
 

 (4) nature of the security, if any.
 

 (5) payment schedule.
 

 (6) present balance and current status of your payments.
 

 (7) total amount of arrearage, if any.
 

 (8) balance on the date of your separation from your spouse.
 

 Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/11)
 

 
 *1191
 
 (9) balance on the date of the filing of the petition for dissolution of marriage.
 

 You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 b. Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (1) name and address of the creditor.
 

 (2) name in which the account is or was maintained.
 

 (3) names of each person authorized to sign on the accounts.
 

 (4) last 4 digits of account numbers.
 

 (5) present balance and current status of your payments.
 

 (6) total amount of arrearage, if any.
 

 {7} balance on the date of your separation from your spouse.
 

 (8) balance on the date of the filing of the petition for dissolution of marriage.
 

 (9) highest and lowest balance within each of the preceding 3 years.
 

 You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 c. Closed Credit Cards and Charge Accounts. For ail financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (1) name and address of each creditor.
 

 (2) name in which the account is or was maintained.
 

 (3) last 4 digits of account numbers.
 

 (4) names of each person authorized to sign on the accounts.
 

 (5) date the balance was paid off.
 

 Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/11)
 

 
 *1192
 
 (6) amount of final balance paid off.
 

 You may comply with this interrogatory (5.c) by providing copies of ail periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 6. MISCELLANEOUS:
 

 a. If you are claiming an unequal distribution of marital property or enhancement or appreciation of nonmarital property, state the amount claimed and all facts upon which you rely in your claim.
 

 b. If you are claiming an asset or liability is nonmarital, list the asset or liability and all facts upon which you rely in your claim.
 

 c. If the mental or physical condition of a spouse or child is an issue, identify the person and state the name and address of all health care providers involved in the treatment of that person for said mental or physical condition.
 

 d. Detail your proposed parenting plan for the minor child(ren), including your proposed time-sharing schedule. Alternatively, attach a copy of your proposed parenting plan.
 

 e. If you are claiming that the other parent's time-sharing with the minor child(ren) should be limited, supervised, or otherwise restricted, or that you should have sole parental responsibility for the minor child(ren), with or without time-sharing with the other parent, or that you should have ultimate responsibility over specific aspects of the chiid(ren)'s welfare or that these responsibilities should be divided between you and the other parent, state your reasons and all facts which you rely upon to support your claim.
 

 7. LONG FORM AFFIDAVIT: if you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form 12.902(c), you must do so within the time to serve the answers to these interrogatories.
 

 Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/11)
 

 
 *1193
 
 [[Image here]]
 

 
 *1194
 
 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(c), STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS (10/11)
 

 When should this form be used?
 

 This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
 

 The questions in this form should be used in modification proceedings and are meant to supplement the information provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
 

 This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send an original and one copy of this form and the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You do not need to file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.
 

 After you receive the completed answers to the interrogatories, DO NOT FILE THE ORIGINAL OR A COPY WITH THE CLERK OF THE COURT UNLESS THE ANSWERS ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.425.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.
 

 Special notes ...
 

 In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
 

 You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the
 
 *1195
 
 blank space provided after each separately-numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. DO NOT FILE THE ORIGINAL OR A COPY WITH THE CLERK OF THE CIRCUIT COURT UNLESS THE ANSWERS ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.425. The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1196
 
 [[Image here]]
 

 
 *1197
 

 I,{name of person answering
 
 interrogatories}___ being sworn, certify that the following information is true:
 

 1. BACKGROUND INFORMATION:
 

 a. State your full legal name and any other name by which you have been known.
 

 b. State your present residence and telephone numbers.
 

 2.EDUCATION:
 

 a. list all business, commercial, and professional licenses that you have obtained since the entry of the Final Judgment sought to be modified.
 

 b. List all of your education since the entry of the Final Judgment sought to be modified including, but not limited to, vocational or specialized training, including the following:
 

 (1) name and address of each educational Institution.
 

 (2) dates of attendance.
 

 (3) degrees or certificates obtained or anticipated dates of same.
 

 3.EMPLOYMENT:
 

 a. For each place of your employment or self-employment since the entry of the Final Judgment sought to be modified, state the following:
 

 (1) name, address, and telephone number of your employer.
 

 (2) dates of employment.
 

 (3) job title and brief description of job duties.
 

 (4) starting and ending salaries.
 

 (5) name of your direct supervisor.
 

 (6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
 

 Florida Family law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/11)
 

 
 *1198
 
 b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity since the entry of the Final Judgment sought to be modified that was not detailed above, state for each such activity the following:
 

 (1} name, address, and telephone number of each activity.
 

 (2) dates you were connected with such activity.
 

 (3) position title and brief description of activities.
 

 (4) starting and ending compensation.
 

 (5) name of all persons involved In the business, commercial, or professional activity with you.
 

 (6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing pians.
 

 c. If you have been unemployed at any time since the entry of the Final Judgment sought to be modified, state the dates of unemployment. If you have not been employed at any time since the entry of the Final Judgment sought to be modified, give the information requested above in question 3.a for your last period of employment.
 

 4. ASSETS:
 

 a. Real Estate. State the street address, If any, and if not, the legal description of all real property that you own or owned during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. For each property, state the following:
 

 (1) the names and addresses of any other persons or entities holding any interest and their percentage of interest.
 

 (2) the present fair market value.
 

 Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/11)
 

 
 *1199
 
 b. Tangible Personal Property. List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including, but not limited to, motor vehicles, tools, furniture, boats, Jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:
 

 (1) the percentage and type interest you hold.
 

 (2) the names and addresses of any other persons or entities holding any interest.
 

 (3) the present fair market value.
 

 c. Intangible Personal Property. Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all items of Intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including but not limited to, partnership and business Interests (Including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:
 

 (1) the percentage and type interest you hold.
 

 (2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you.
 

 (3) the present fair market value or the amounts you claim are owned by or owed to you, at the time of answering these interrogatories.
 

 You may comply with this Interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. However, if the date of acquisition, the purchase price, and the market valuations are not clearly reflected In the periodic statements which are furnished, then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/11)
 

 
 *1200
 
 d. Retirement Accounts: List all Information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 4038, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your employer, or any previous employer. For each account, state the following:
 

 (1) the name and last 4 digits of the account number of each account/plan and where it is located.
 

 (2) thetypeofaccount/plan.
 

 (3) the name and address of the fiduciary plan administrator/service representative.
 

 (4) the present fair market value of yourinterest In each account/plan.
 

 (5) whether you are vested or not vested; and If vested, In what amount, as of a certain date and the schedule of future vesting.
 

 (6) the date at which you became/become eligible to receive some funds in this account/plan.
 

 (7) monthly benefits of the account/plan if no fair market value is ascertained.
 

 (8) beneficiary(ies) and/or alternate payee(s).
 

 e. Financial Accounts. For ail financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest
 
 is
 
 or was held in your own name individually, in your
 
 name
 
 with another person, or In any other name, give the following:
 

 (1) name and address of each institution.
 

 (2) name in which the account is or was maintained.
 

 (3) last 4 digits of account numbers.
 

 (4) name of each person authorized to make withdrawals from the accounts.
 

 (5) highest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
 

 (6) lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified. If shorter.
 

 You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).
 

 Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/11)
 

 
 *1201
 
 f.Closed Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (X) name and address of each institution.
 

 (2) name In which the account Is or was maintained.
 

 (3) last 4 digits of account numbers.
 

 (4) name of each person authorized to make withdrawals from the accounts.
 

 (5) date account was closed.
 

 g.Trust For any interest in an estate, trust, insurance policy, or annuity, state the following:
 

 (1) If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:
 

 (a) identification of the estate, trust, insurance policy, or annuity.
 

 (b) the nature, amount, and'frequency of any distributions of benefits.
 

 (c) the total value of the beneficiaries' interest in the benefit.
 

 (d) whether the benefit is vested or contingent.
 

 (2) If you have established any trust or are the trustee of a trust, state the following:
 

 (a) the date the trust was established.
 

 (b) the names and addresses of the trustees.
 

 (c) the names and addresses of the beneficiaries.
 

 (d) the names and addresses of the persons or entities who possess the trust documents.
 

 (e) each asset that is held in each trust, with its fair market value.
 

 h.Name of Accountant, Bookkeeper, or Records Keeper. State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your records, and state which records each possesses.
 

 Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/11)
 

 
 *1202
 
 5. LIABILITIES:
 

 a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:
 

 (1) name and address of the creditor.
 

 (2) name in which the obligation is or was incurred.
 

 (3) last 4 digits of loan or account number, if any.
 

 (4) nature of the security, if any.
 

 (5) payment schedule.
 

 (6) present balance and current status of your payments.
 

 (7) total amount of arrearage, if any.
 

 You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, If shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.28S (Mandatory Disclosure).
 

 b. Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (1) name and address of the creditor.
 

 (2) name in which the account is or was maintained.
 

 (3) names of each person authorized to sign on the accounts.
 

 (4) last 4 digits of account numbers.
 

 (5) present balance and current status of your payments.
 

 (6) total amount of arrearage, if any.
 

 (7) highest and lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
 

 You may comply with this Interrogatory (5.b) by providing copies of ail periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/11)
 

 
 *1203
 
 c. Closed Credit Cards and Charge Accounts. As to all financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (1) name and address of each creditor.
 

 (2) name In which the account is or was maintained.
 

 (3) last 4 digits of account numbers.
 

 (4) name of each person authorized to sign on the accounts.
 

 (5) date the balance was paid off.
 

 (6) amount of final balance paid off.
 

 You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. 00 NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 6. MISCELLANEOUS:
 

 a. If you are claiming a diminished earning capacity since the entry of the Final Judgment sought to be modified as grounds to modify alimony or deviate from the child support established in your case, describe in detail how your earning capacity is lowered and state all facts upon which you rely in your claim. If unemployed, state how, why, and when you lost your job.
 

 b. If you are claiming a change In a mental of physical condition since the entry of the Final Judgment sought to be modified as grounds to modify alimony or change the child support established in your case, describe in detail how your mental and/or physical capacity has changed and state all facts upon which you rely in your claim, identify the change in your mental and/or physical capacity, and state the name and address of all health care providers involved in the treatment of this mental or physical condition.
 

 c. If you are requesting a change in shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof, for the minor child(ren), describe in detail the change in circumstances since the entry of the Final Judgment sought to be modified that you feel justify the requested change. State when the change of circumstances occurred, how the change of circumstances affects the child(ren), and why it is in the best interests of the child(ren) that the Court make the requested change. Attach your proposed parenting plan.
 

 Florida Family law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/11)
 

 
 *1204
 
 d. If you do not feel the requested change In shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof, for the minor child(ren) is in their best Interests, or if you feel there has not been a change in circumstances since the entry of the Final Judgment sought to be modified, describe In detail any facts since the entry of the Final Judgment sought to be modified that you feel justify the Court denying the requested change. State what requested change, if any in shared or sole parenting responsibility, ultimate decision-making, the time-sharing schedule, or of the parenting plan is justified or agreeable to you and why it is in the best interests of the child(ren).
 

 7. LONG FORM AFFIDAVIT: If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form 12.902(c), you must do so within the time to serve the answers to these interrogatories.
 

 Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law interrogatories for Modification Proceedings (10/11)
 

 
 *1205
 
 [[Image here]]
 

 
 *1206
 
 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(d), NOTICE OF SERVICE OF ANSWERS TO STANDARD FAMILY LAW INTERROGATORIES (10/11)
 

 When should this form be used?
 

 You should use this form to tell the court that you have responded to the other party’s request to answer certain standard questions (interrogatories) in writing.
 

 This form should be typed or printed in black ink. You must indicate whether you are sending the answers to interrogatories for original and enforcement proceedings, Florida Family Law Rules of Procedure Form 12.930(b), or modification proceedings, Florida Family Law Rules of Procedure Form 12.930(c). You must also indicate whether you have additional questions that you were asked to answer. After completing this form you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
 

 What should I do next?
 

 A copy of this form and the original completed answers to the interrogatories must be mailed or hand delivered to the other party in your case. However, file only this form with the clerk. DO NOT FILE THE ORIGINAL ANSWERS TO THE INTERROGATORIES OR ANY ATTACHMENTS WITH THE CLERK UNLESS THEY ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.425.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information see Florida Family Law Rules of Procedure Rules 12.280, 12.285, 12.340, and 12.380, and Florida Rules of Civil Procedure Rules 1.280,1.340, and 1.380.
 

 Special notes ...
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1207
 
 [[Image here]]
 

 
 *1208
 
 [[Image here]]
 

 
 *1209
 
 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.932, CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE (10/11)
 

 When should this form be used? Mandatory disclosure requires each party in a dissolution of marriage case to provide the other party with certain financial information and documents. These documents must be provided by mail or hand delivery to the other party within 45 days of service of the petition for dissolution of marriage or supplemental petition for modification on the respondent. The mandatory disclosure rule applies to all original and supplemental dissolution of marriage cases, except simplified dissolution of marriage cases and cases where the respondent is served by constructive service and does not answer. You should use this form to notify the court and the other party that you have complied with the mandatory disclosure rule.
 

 Each party must provide the other party with the documents listed in section 2 of this form if the relief being sought is permanent regardless of whether it is an initial or supplemental proceeding. Of the documents listed on this form, the financial affidavit and child support guidelines worksheet are the only documents that may be required to be filed with the court under Florida Family Law Rules of Procedure 12.285(c) and (k) but must be sent to the other party; all other documents should be sent to the other party but shall not be filed with the court. If your individual gross annual income is under $50,000, you should complete the Family Law Financial Affidavit (Short Form), Florida Family Law Rules of Procedure Form 12.902(b). If your individual gross annual income is $50,000 or more, you should complete the Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(c).
 

 In addition, there are separate mandatory disclosure requirements that apply to temporary financial hearings, which are listed in section 1 of this form. The party seeking temporary financial relief must serve these documents on the other party with the notice of temporary financial hearing. The responding party must either deliver the required documents to the party seeking temporary relief on or before 5:00 p.m., 2 business days before the hearing on temporary relief, or mail (postmark) them to the other party seeking temporary relief 7 days before the hearing on temporary financial relief. Any documents that have already been served under the requirements for temporary or initial proceedings, do not need to be reserved again in the same proceeding. If a supplemental petition is filed, seeking modification, then the mandatory disclosure requirements begin again.
 

 This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records. A copy of this form must be mailed or hand delivered to any other party in your case.
 

 What should I do next?
 

 After you have provided the other party all of the financial information and documents and have filed this form certifying that you have complied with this rule, you are under a continuing duty to promptly give the other party any information or documents that change your financial status or that make the information already provided inaccurate. You should not file with the clerk any of the documents listed in the
 
 *1210
 
 certificate of compliance other than the financial affidavit and child support guidelines worksheet. Refer to the instructions regarding the petition in your case to determine how you should proceed after filing this form.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.285, Florida Family Law Rules of Procedure.
 

 Special notes ...
 

 You may provide copies of required documents; however, the originals must be produced for inspection if the other party requests to see them.
 

 Although the financial affidavits are based on individual gross income, either party may ask the other party to complete the Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(c), by serving the appropriate interrogatory form. (See Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(b) (original proceedings) or (c) (modification proceedings)).
 

 Any portion of the mandatory disclosure rule may be modified by order of the judge or agreement of the parties. Therefore, you and your spouse may agree that you will not require each other to produce the documents required under the mandatory disclosure rule. This exception does not apply to the Financial Affidavit, Family Law Rules of Procedure Form 12.902(b) or (c), which is required in all cases and cannot be waived.
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1211
 
 [[Image here]]
 

 
 *1212
 
 [[Image here]]
 

 
 *1213
 
 [[Image here]]
 

 
 *1214
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.943, MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES (10/11)
 

 When should this form be used?
 

 Child support in Florida is determined by the child support guidelines found in section 61.30, Florida Statutes. The court, at its discretion, may raise or lower the child support guidelines amount by up to 5%. In addition, the court may raise or lower the guidelines support amount by more than 5%, if written reasons are given for the adjustment. The court may make these additional adjustments based on certain considerations, which are reflected in this form. You should review this form to determine if any of the reasons for adjusting the child support guidelines amount apply to your situation and you should complete this form only if you want the court to order more child support or less child support than the amount required by the child support guidelines.
 

 This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
 

 What should I do next?
 

 A copy of this form must be mailed or hand delivered to the other party in your case.
 

 Where can I look for more information?
 

 Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information, see section 61.30, Florida Statutes.
 

 Special notes ...
 

 More information on the child support guidelines as well as a chart for converting income and expenses to monthly amounts if paid or incurred on other than a monthly basis is contained in the instructions to Florida Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
 

 With this form you must also file the following, if not already filed:
 

 • Florida Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
 

 • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you should file this worksheet as soon as you receive a copy of his or her financial affidavit.)
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1215
 
 [[Image here]]
 

 
 *1216
 
 [[Image here]]
 

 
 *1217
 
 [[Image here]]
 

 
 *1218
 
 [[Image here]]
 

 
 *1219
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.947(a), MOTION FOR TEMPORARY SUPPORT AND TIMESHARING WITH DEPENDENT OR MINOR CHILD(REN) (10/11)
 

 When should this form be used?
 

 This form may be used by:
 

 (1) The respondent or the petitioner in a pending dissolution of marriage action. For you to use this form, a petition for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (alimony); temporary time-sharing schedule with minor children); temporary child support; and other relief.
 

 OR
 

 (2) The petitioner in a pending action for support unconnected with dissolution. For you to use this form, a petition for support unconnected with dissolution of marriage must have already been filed. You should use this form to ask the court to award temporary spousal support (alimony) and/or temporary child support.
 

 This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition for dissolution of marriage was filed and keep a copy for your records.
 

 What should I do next?
 

 A copy of this form, along with all of the other forms required with this motion, must be mailed or hand delivered to the other party in your case. When you have filed all of the required forms, you are ready to set a hearing on your motion. You should check with the clerk, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 Where can I look for more information?
 

 Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. Words in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.
 

 Special notes ...
 

 If you use paragraph l.c of this form to ask the court to enter a temporary injunction, the court may require you to post a bond.
 

 With this form you must also file the following, if not already filed:
 

 • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if this case involves a minor or dependent child(ren).
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 

 • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that temporary child support be ordered. (If you do not know the other party’s in
 
 *1220
 
 come, you may file this worksheet as soon as a copy of his or her financial affidavit has been served on you.)
 

 The parties seeking relief shall serve a financial affidavit (Florida Family Law Rules of Procedure Form 12.902 (b) or (e)) and certificate of compliance (Florida Family Law Rules of Procedure Form 12.932) with the notice of hearing on the motion for temporary support and time-sharing.
 

 Parenting Plan. If you have reached an agreement on either a temporary Parenting Plan or time-sharing schedule, the proposed temporary Parenting Plan or time-sharing schedule, signed by both parties, should be filed. Florida Supreme Court Family Law Form 12.995(a), 12.995(b), or 12.995(c). If you have not reached an agreement, a proposed Parenting Plan or temporary time-sharing schedule may be filed for consideration by the Court.
 

 Temporary Order ... These family law forms contain a Temporary Order for Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing.
 

 Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1221
 
 [[Image here]]
 

 
 *1222
 
 [[Image here]]
 

 
 *1223
 
 [[Image here]]
 

 
 *1224
 
 [[Image here]]
 

 
 *1225
 
 [[Image here]]
 

 
 *1226
 
 [[Image here]]
 

 
 *1227
 
 [[Image here]]
 

 
 *1228
 
 [[Image here]]
 

 
 *1229
 
 [[Image here]]
 

 
 *1230
 
 [[Image here]]
 

 
 *1231
 
 [[Image here]]
 

 
 *1232
 
 [[Image here]]
 

 
 *1233
 
 [[Image here]]
 

 
 *1234
 
 [[Image here]]
 

 
 *1235
 
 [[Image here]]
 

 
 *1236
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.947(c), MOTION FOR TEMPORARY SUPPORT WITH NO DEPENDENT OR MINOR CHILD(REN)(10/11)
 

 When should this form be used?
 

 This form may be used by:
 

 (1) the respondent or the petitioner in a pending dissolution of marriage action. For you to use this form, a petition for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (alimony); and other relief.
 

 OR
 

 (2) the petitioner in a pending action for support unconnected with a dissolution. For you to use this form, a petition for support unconnected with a dissolution of marriage must have already been filed. You should use this form to ask the court to award temporary spousal support (alimony).
 

 This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition for dissolution of marriage was filed and keep a copy for your records.
 

 What should I do next?
 

 A copy of this form, along with all of the other forms required with this motion, must be mailed or hand delivered to the other party in your case. When you have filed all of the required forms, you are ready to set a hearing on your motion. You should check with the clerk, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 Where can I look for more information?
 

 Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. Words in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.
 

 Special notes ...
 

 If you use paragraph l.c of this form to ask the court to enter a temporary injunction, the court may require you to post a bond.
 

 With this form you must also file the following, if not already filed:
 

 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days if not filed at the time of the petition.)
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 

 • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932.
 

 Temporary Order ... These family law forms contain a Temporary Support Order with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(d), which
 
 *1237
 
 the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing.
 

 Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1238
 
 [[Image here]]
 

 
 *1239
 
 [[Image here]]
 

 
 *1240
 
 [[Image here]]
 

 
 *1241
 
 [[Image here]]
 

 
 *1242
 
 [[Image here]]
 

 
 *1243
 
 [[Image here]]
 

 
 *1244
 
 [[Image here]]
 

 
 *1245
 
 [[Image here]]
 

 
 *1246
 
 [[Image here]]
 

 
 *1247
 
 [[Image here]]
 

 
 *1248
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(a), PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (10/11)
 

 When should this form be used?
 

 This form should be used by a birth mother or father to ask the court to establish paternity, a time-sharing schedule, and/or child support of a minor child or children. This means that you are trying to legally establish who is the father of the child(ren).
 

 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
 

 What should I do next?
 

 For your case to proceed, you must properly notify the respondent of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. However, if constructive service is used, the court may only grant limited relief. You should seek legal advice on constructive service in a paternity case. For more information see chapter 49, Florida Statutes, or you may contact Child Support Enforcement at the Florida Department of Revenue if you need assistance with your case.
 

 If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
 

 DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure, completed the scientific paternity testing, if necessary, and filed all of the required papers. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.983(d).
 

 
 *1249
 
 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
 

 Special notes ...
 

 If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
 

 More than one child of the same alleged father may be listed on a single petition. However, if you are filing a paternity action involving more than one possible father, a separate petition must be filed for each alleged father.
 

 If the respondent files an answer denying that the person named in the petition is the child(ren)’s father, one of you should file a Motion for Scientific Paternity Testing, Florida Supreme Court Approved Family Law Form 12.988(e). This is used to ask the court to order a scientific test to determine who is the child(ren)’s father.
 

 If the father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be indicated on page 2, section 9a on this form.
 

 If the paternity of a child who was conceived or born during a marriage is at issue, the court may appoint a guardian ad litem to assist the court in this matter and to protect the rights of child.
 

 With this petition, you must file the following and provide a copy to the other party:
 

 • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 

 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
 

 • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days, if not filed with the petition, unless you and the other party have agreed not to exchange these documents.)
 

 • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been filed.)
 

 • Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a), 12.995(b), or 12.995(c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
 

 Parenting Plan and Time-Sharing. If the parties are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)’s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor or dependent ehild(ren).
 

 The judge may request a parenting plan recommendation or appoint a guardian
 
 *1250
 
 ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401-61.405, Florida Statutes.
 

 Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 

 • Shared Parental Responsibility
 

 • Sole Parental Responsibility
 

 • Supervised Time-Sharing
 

 • No contact
 

 • Parenting Plan
 

 • Parenting Plan Recommendation
 

 • Time-Sharing Schedule
 

 Many circuits require that parents of a minor or dependent child(ren) who are involved in dissolution or paternity actions attend mediation before being allowed to schedule a final hearing. A parenting course must be completed prior to entry of the final judgment. You should cheek with your local clerk of court’s office, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
 

 Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
 

 Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
 

 Final Judgments. These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1251
 
 [[Image here]]
 

 
 *1252
 
 [[Image here]]
 

 
 *1253
 
 [[Image here]]
 

 
 *1254
 
 [[Image here]]
 

 
 *1255
 
 [[Image here]]
 

 
 *1256
 
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(c), ANSWER TO PETITION AND COUN-TERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (10/11)
 

 When should this form be used?
 

 This form should be used when you are responding to a petition to determine paternity and asking the court for something different than what was in the petition, such as parental responsibility, time-sharing, and child support. The answer is used to admit or deny the allegations contained in the petition, and the counterpetition is used to ask for whatever you want the court to do for you. The other party has 20 days to answer your counterpetition after being served with your counterpetition.
 

 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
 

 What should I do next?
 

 You have 20 days to file an answer or answer and counterpetition to the other party’s petition. A copy of this form, along with all of the other forms required with this answer and counterpetition, must be mailed or hand delivered to the other party in your case.
 

 If you deny that the person named in the petition is the child(ren)’s father, a Motion for Scientific Paternity Testing Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)’s father.
 

 After you file an answer and counterpetition, the case will then generally proceed as follows:
 

 UNCONTESTED. This case is uncontested if you and the other party agree on all issues raised in the petition and the coun-terpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 CONTESTED. This case is contested if you and the other party disagree on any issues raised in the petition or counterpet-ition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
 

 Where can I look for more information?
 

 Before proceeding, you should read General Information for Self-Represented Litigants for some basic information. The words that are in bold underline in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
 

 
 *1257
 
 Special notes ...
 

 If the child(ren)’s father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a of the counterpetition part of this form. With this answer, you must file the following:
 

 • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 

 • Notice of Social Security Number Florida Supreme Court Approved Family Law Form 12.902(j).
 

 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you if not filed with this answer.)
 

 • Certificate of Compliance with Mandatory Disclosure Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed with this answer, unless you and the other party have agreed not to exchange these documents.)
 

 • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been filed.)
 

 • Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), 12.995(b), or (c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
 

 Many jurisdictions may require the completion of mediation before a final hearing may be set. A parenting course must be completed prior to entry of the final judgment. You should contact the office of your local clerk of court, family law intake staff, or the judicial assistant about requirements for parenting courses or mediation where you live.
 

 Parenting Plan and Time-Sharing. If the parties are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)’s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor child(ren).
 

 The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is being served. For more information, you may consult section 61.401 and 61.405, Florida Statutes.
 

 Listed below are some terms with which you should become familiar before completing your answer and counterpetition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 

 • Shared Parental Responsibility
 

 • Sole Parental Responsibility
 

 • Supervised Time-Sharing
 

 • No contact
 

 • Parenting Plan
 

 • Parenting Plan Recommendations
 

 • Time-Sharing Schedule
 
 *1258
 
 Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
 

 Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
 

 Parenting Plan. In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If the parties have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), 12.995(b), or 12.995(c), which addresses the time-sharing schedule for the ehild(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. A Parenting Plan will be established by the court.
 

 Final Judgments. These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1259
 
 [[Image here]]
 

 
 *1260
 
 [[Image here]]
 

 
 *1261
 
 [[Image here]]
 

 
 *1262
 
 [[Image here]]
 

 
 *1263
 
 [[Image here]]
 

 
 *1264
 
 [[Image here]]
 

 
 *1265
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(a), PARENTING PLAN (10/11)
 

 When should this form be used?
 

 A Parenting Plan is required in all eases involving time-sharing with minor child(ren), even when time-sharing is not in dispute. The Parenting Plan must be developed and agreed to by the parents and approved by the court. If the parties cannot agree to a Parenting Plan or if the parents agreed to a plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of parenting plan recommendations. This form or a similar form should be used in the development of a Parenting Plan. If the case involves supervised time-sharing, the Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) or a similar form should be used. If the case involves relocation, pursuant to Section 61.13001, Florida Statutes, then a Relocation/Long Distance Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(c) or a similar form should be used.
 

 This form should be typed or printed in black ink. Please either delete or strike-through terms or paragraphs that are inappropriate or in applicable to your agreement. If an agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If an agreed Parenting Plan is not filed by the parties, the court shall establish a Plan.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.
 

 Special notes ...
 

 At a minimum, the Parenting Plan must describe in adequate detail:
 

 • How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
 

 • The time-sharing schedule arrangements that specify the time that the minor children) will spend with each parent,
 

 • A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and
 

 • The methods and technologies that the parents will use to communicate with the child(ren).
 

 The best interests of the children) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best in
 
 *1266
 
 terests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of that family, as listed in section 61.13(3), Florida Statutes, including, but not limited to:
 

 • The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
 

 • The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
 

 • The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
 

 • The length of time the children) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
 

 • The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);
 

 • The moral fitness of the parents;
 

 • The mental and physical health of the parents;
 

 • The home, school, and community record of the child(ren);
 

 • The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
 

 • The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)’s friends, teachers, medical care providers, daily activities, and favorite things;
 

 • The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
 

 • The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);
 

 • Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge in writing that such evidence was considered when evaluating the best interests of the child(ren);
 

 • Evidence that either parent has knowingly provided false information to the coui’t regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;
 

 • The particular parenting tasks customarily performed by each parent and the division or parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
 

 
 *1267
 
 • The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)’s school and extracurricular activities;
 

 • The demonstrated capacity and disposition of each parent to maintain an environment for the ehild(ren) which is free from substance abuse;
 

 • The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child(ren); and
 

 • The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent to meet the child(ren)’s developmental needs.
 

 This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.
 

 In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1268
 
 [[Image here]]
 

 
 *1269
 
 [[Image here]]
 

 
 *1270
 
 [[Image here]]
 

 
 *1271
 
 [[Image here]]
 

 
 *1272
 
 [[Image here]]
 

 
 *1273
 
 [[Image here]]
 

 
 *1274
 
 [[Image here]]
 

 
 *1275
 
 [[Image here]]
 

 
 *1276
 
 [[Image here]]
 

 
 *1277
 
 [[Image here]]
 

 
 *1278
 
 [[Image here]]
 

 
 *1279
 
 [[Image here]]
 

 
 *1280
 
 [[Image here]]
 

 
 *1281
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(b), SAFETY-FOCUSED PARENTING PLAN (10/11)
 

 When should this form be used?
 

 A Parenting Plan is required in all cases involving minor children). This form or a similar form should be used in cases when you feel your child(ren) cannot be safely alone with the other parent or if you believe shared parental responsibility presents a detriment to the child(ren). In this case, a Parenting Plan must be developed that allows time-sharing with any minor children), while providing protection for the children). If safety or supervised time-sharing is not a concern, Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a) or a similar form should be used. If the case involves relocation, pursuant to Section 61.13001, Florida Statutes, then Relocation/Long Distance Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(c) or a similar form should be used. The Parenting Plan must be developed and agreed to by the parents and approved by the court. If the parties cannot agree to a Parenting Plan or if the parents agreed to a plan that is not approved by the court, a parenting plan will be established by the court with or without the use of parenting plan recommendations.
 

 This form should be typed or printed in black ink. If an agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If an agreed Parenting Plan is not filed by the parties, the court shall establish a Plan.
 

 Where can I look for more information?
 

 Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.
 

 Special notes ...
 

 If you fear that disclosing your address would put you in danger, you should complete a Request for Confidential Filing of Address, Florida Supreme Court Approved Form 12.980(h), file it with the clerk of the circuit court and write confidential in the space provided in the Parenting Plan.
 

 At a minimum, the Parenting Plan must describe in adequate detail:
 

 • How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
 

 • The time-sharing schedule arrangements that specify the time that the minor children) will spend with each parent,
 

 • A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and
 

 
 *1282
 
 • The methods and technologies that the parents will use to communicate with the child(ren).
 

 The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of that family, as listed in section 61.13(3), Florida Statutes, including, but not limited to:
 

 • The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
 

 • The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
 

 • The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
 

 • The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
 

 • The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);
 

 • The moral fitness of the parents;
 

 • The mental and physical health of the parents;
 

 • The home, school, and community record of the child(ren);
 

 • The reasonable preference of the child(ren), if the court deems the ehild(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
 

 • The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor ehild(ren), including, but not limited to, the child(ren)’s friends, teachers, medical care providers, daily activities, and favorite things;
 

 • The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
 

 • The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor ehild(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);
 

 • Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge, in writing that such evidence was considered when evaluating the bests interests of the child(ren);
 

 • Evidence that either parent has knowingly provided false information to the
 
 *1283
 
 court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;
 

 • The particular parenting tasks customarily performed by each parent and the division of parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
 

 • The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)’s school and extracurricular activities;
 

 • The demonstrated capacity and disposition of each parent to maintain an environment for the ehild(ren) which is free from substance abuse;
 

 • The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child)ren); and
 

 • The developmental stages and needs of the ehild(ren) and the demonstrated capacity and disposition of each parent to meet the child(ren)’s developmental needs.
 

 This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.
 

 In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *1284
 
 [[Image here]]
 

 
 *1285
 
 [[Image here]]
 

 
 *1286
 
 [[Image here]]
 

 
 *1287
 
 [[Image here]]
 

 
 *1288
 
 [[Image here]]
 

 
 *1289
 
 [[Image here]]
 

 
 *1290
 
 [[Image here]]
 

 
 *1291
 
 [[Image here]]
 

 
 *1292
 
 [[Image here]]
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(d), (f).
 

 [2]
 

 .
 
 See In re Revised Interim Policy on Elec. Release of Court Records,
 
 Fla. Admin. Order No. AOSC07-49 (Fla. Sept. 7, 2007) (providing revised interim policy for the electronic release of court records);
 
 In re Implementation of Report and Recommendations of the Comm, on Privacy and Court Records,
 
 Fla. Admin. Order No. AOSC06-20 (June 30, 2006) ("Admin. Order No. AOSC06-20”) (recognizing that certain conditions, including rule amendments, must be met before goal of providing the public electronic access to court records can be achieved);
 
 see also In re Statewide Standards for Elec. Access to the Courts,
 
 Fla. Admin. Order No. AOSC09-30 (July 1, 2009) (adopting the Florida Supreme Court Statewide Standards for Electronic Access to the Courts in response to chapter 2009-61, section 16, Laws of Florida, which requested that the Court establish statewide e-filing standards to be used by the clerks of court to implement electronic filing);
 
 In re Amends, to Fla. Rules of Civil Pro., Fla. Rules of Jud. Admin., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rules of Pro. Electronic Filing,
 
 No. SCI 1-399 (Fla. Petition filed Feb. 28, 2011) (Court considering proposed rule
 
 *1047
 
 amendments to implement electronic filing of documents with courts).
 

 [3]
 

 .See In re Fla. Courts Tech. Comm'n, Sub-comm. on Access to Court Records,
 
 Fla. Admin. Order No. AOSC09-3 (Jan. 27, 2009) (directing commission to establish a Subcommittee on Access to Court Records to act as the successor to the Access Committee for the purpose of advancing rule proposals) ("Admin. Order No. AOSC09-3”).
 

 [4]
 

 .
 
 See
 
 Committee on Privacy and Court Records,
 
 Privacy, Access and Court Records: the Report and Recommendations of the Committee on Privacy and Court Records
 
 (2005) (“Privacy Committee Report”).
 

 [5]
 

 . Admin. Order No. AOSC06-20.
 

 [6]
 

 .
 
 See
 
 Admin. Order AOSC06-20 at 1, 9.
 

 [7]
 

 . The Court separately considered implementation recommendations concerning electronic access to court records contained in the Access Committee’s final report and recommendations submitted in September 2008.
 
 See
 
 Committee on Access to Court Records,
 
 Final Report and Recommendations
 
 (2008).
 

 [8]
 

 .
 
 See In re Comm. on Access to Court Records,
 
 Fla. Admin. Order No. AOSC06-27 (Aug. 21, 2006) ("Admin. Order AOSC06-27”).
 

 [9]
 

 . Privacy Committee Report, Recommendation Seven, at 53.
 

 [10]
 

 . Privacy Committee Report, Recommendation Eight, at 54.
 

 [11]
 

 . Privacy Committee Report, Recommendation Nine, at 55.
 

 [12]
 

 . Privacy Committee Report, Recommendation Ten, at 56.
 

 [13]
 

 .
 
 See
 
 Admin. Order AOSC06-20 at 19-20. Privacy Committee Recommendation Eight, addressing unauthorized filings,
 
 see
 
 Privacy Committee Report at 54, was referred to the Access Committee. The Access Committee was charged with studying the rules to "determine whether any sanctions [for unauthorized filings] need to be strengthened to further the goal of preventing gratuitous publication of extraneous and potentially damaging information.” Admin. Order AOSC06-27 at 3.
 

 [14]
 

 .
 
 See, e.g., In re Amends, to Fla. Rules of App. Pro.,
 
 2 So.3d 89, 90 n. 1 (Fla.2008) (stating that proposed new rule 9.050 (Maintaining Privacy of Personal Data) was referred to Access Committee).
 

 [15]
 

 .
 
 See
 
 Admin. Order No. AOSC09-3.
 

 [16]
 

 . Subdivision (b) of the rule, which we adopt on an interim basis, exempts filings in criminal and traffic proceedings.
 

 [17]
 

 . Privacy Committee Report, Recommendation Seven, at 53.
 

 [18]
 

 . The Court previously adopted a number of amendments to Florida Rule of Judicial Administration 2.420 (Public Access to Judicial Branch Records) also proposed by the Access Committee to implement other Privacy Committee recommendations.
 
 See In re Amends, to Fla. Rule of Jud. Admin. 2.420 & Fla. Rides of App. Pro.,
 
 31 So.3d 756 (amending Rule of
 
 *1050
 
 Judicial Administration 2.420 to provide comprehensive procedures for identifying and segregating confidential information in court records, for sealing and unsealing court records, and for reviewing orders issued under the rule.)
 

 [19]
 

 . The phrase “or authorized by statute, another rule, or court order” is meant to clarify that conflicting
 
 provisions of
 
 another rule of court, a statute, or a court order will control over the rule 2.425 requirements.
 

 [20]
 

 . In proposing this prohibition, the Rules of Judicial Administration Committee recognized that the standard business and banking practice is to use the last four digits of such numbers, but the committee determined it would be best to completely preclude the filing of such numbers because of their confidential status under rule 2.420(d)(l)(B)(iii). We agree that these highly sensitive and otherwise confidential personal identifying numbers should not be filed, unless exempt from the rule 2.425(a) limitations as provided in the rule.
 

 [21]
 

 .The composite comments of the Florida criminal justice organizations filed in this case include comments or resolutions in support of the exemption from the Florida Association of Criminal Defense Lawyers, the Miami-Dade County Association of Chiefs of
 
 *1051
 
 Police, the Florida Prosecuting Attorneys Association, the Florida Public Defender Association, Inc., and the Florida Bar Criminal Law Section.
 

 [22]
 

 . The Criminal Procedure Rules Committee should oversee this project, and the committees’ joint report should be filed with the Court by December 1, 2011.
 

 [23]
 

 . The Small Claims Rules Committee declined to offer conforming amendments to the Small Claims Rules. Rather, that committee asks the Court to postpone amending the Small Claims Rules until the committee has an opportunity to consider the version of rule 2.425 the Court adopts. Therefore, we defer adoption of pending amendments to the Small Claim Rules that are impacted by the adoption of rule 2.425 and have directed the Small Claims Rules Committee to use its fast-track procedures to file a report with conforming rule amendments by September 1, 2011. However, we adopt other pending amendments to the Small Claims Rules that will limit the filing of unnecessary personal information but are not directly affected by
 

 the adoption of new rule 2.425. They are new rule 7.140(e)(3), which requires the judge to assist an unrepresented party in the handling of private information, and forms 7.340 (Final Judgment) and 7.373 (Fact Information Sheet), which are amended to instruct that the Fact Information Sheet should not be filed with the Court.
 

 We ask that in the future, when the Court seeks proposed rule amendments to address a given topic from a number of rules committees, each committee comply with the Court’s request and individual committees not decline to act until proposals from other committees are acted upon. See,
 
 e.g., In re Amends, to Fla. Rules of Jud. Admin., Fla. Rules of Civil Pro., Fla. Rules of Crim. Pro., Fla. Rules of Civil Pro. for Involuntary Commitment of Sexually Violent Predators, Fla. Probate Rules, Fla. Rules of Traffic Court, Fla. Rides of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rules of Pro-Computation of Time,
 
 No. SC 10-2299 (Fla. Petition filed Dec. 13, 2010) (Small Claims Rules Committee declining to propose amendments to Small Claims Rules
 
 *1052
 
 until proposed Rule of Judicial Administration governing computation of time is adopted by the Court). Addressing all related proposals at the same time ensures consistency and conserves valuable judicial resources.
 

 [24]
 

 . Although the general provisions of new rule 2.425 prohibit the inclusion of any portion of a social security number in a court filing, as noted above, requirements in other rules or forms, such as the requirement that the last four digits of a social security number be included in certain documents, control over conflicting requirements in the new rule.
 

 [25]
 

 . We decline to adopt amendments to rules 3.211(c) (Competence to Proceed: Scope of Examination; Written Findings of Experts), 3.212(d) (Competence to Proceed: Hearing and Disposition; Release of Finding of Incompetence), 3.218(a) (Commitment of a Defendant Found Not Guilty by Reason of Insanity; Commitment; 6-Month Report), and 3.219(a) (Conditional Release; Release Plan) suggested by the Criminal Procedure Rules Committee. Instead, we amend those rules to provide: "The procedure for determinations of the confidential status of reports is governed by Rule of Judicial Administration 2.420.” Further amendments to rule 2.420(d), which are urged in this case, were considered in
 
 In re Amends, to the Fla. Rule of Jud. Admin. 2.420,
 
 68 So.3d 228 (Fla.2011).
 
 See In re Implementation of Comm, on Privacy & Court Records Recommendations,
 
 No. SC08-2443 (Fla. order
 
 filed
 
 November 19, 2010) (stating that suggested amendments to rule 2.420(d)(1)(B) will be considered in case number SC 10-2242).
 

 [26]
 

 .Privacy Committee Report, Recommendation Ten, at 56.
 

 [27]
 

 . "The Media Organizations” include: Orlando Sentinel Communications Company, publisher of the
 
 Orlando Sentinel,
 
 and Sun-Sentinel Publishing Company, publisher of the
 
 South Florida Sun-Sentinel.
 

 [28]
 

 . Privacy Committee Report, Recommendation Nine, at 55.
 

 [29]
 

 . The rules committee felt that the affidavit could be entered into evidence if necessary at the hearing and that only at that point is it necessary to include the affidavit in the court record.
 

 [30]
 

 .
 
 See Amends, to the Fla. Family Law Rules of Procedure & Family Law Forms,
 
 810 So.2d 1, 14 (Fla.2000) (providing that Court will seek input from advisory workgroup when making more substantial changes to the Supreme Court Approved Family Law Forms).
 

 [31]
 

 . We ask the rules committees, as part of their regular-cycle review, to conduct a thorough review of rules and forms not amended here to determine whether any of those rules or forms should to be amended to ensure consistency with the amendments we adopt here.